The opinion of the Court was delivered by
Wardlaw, J.
This plaintiff sues for the same land which this defendant formerly recovered in an action by him against Musco Samuel; and the verdict which has been rendered in this case may be said to establish that Musco Samuel entered under this plaintiff’s title, and set that title up as his defence in the former action, and that this plaintiff was present at the former trial and aided in the defence. The question is, whether the former recovery concluded this plaintiff) as it did Musco Samuel.
In the former action this plaintiff might, under the 72d rule of court, have entered himself as a defendant; and having done so, he might have urged matters of defence, which Musco Samuel alone could not urge. The case of Pope vs. Clark and Manning, 2 Strob. 361, shows that when a landlord has, under the rule of Court, associated himself with his tenant *174 asa defendant, the plaintiff having shown a title, whioh would avail against the tenant, may be successfully resisted by the landlord showing such paramount • title, as would serve for recovery if the landlord were plaintiff, and the plaintiff were defendant. Thus, in one action the same result may be attained, which was reached by two, in the cases of Muldrow ads. Jones, Rice 64, and Jones vs. Muldrow, Cheves, 254. There Jones having entered under Gee, was, in the first action, made to yield to Gee’s vendee, but in the second prevailed against that vendee by force of Stephenson’s title, which in the first actien was excluded by the acknowledgment implied from the entry under Gee.
A tenant as a privy in estate, will be concluded by the acts of his landlord prior to the lease, and by a recovery had 'against his landlord on grounds equivalent to such acts; but the landlord claims not under the tenant, and should not suffer for his default or weakness. When, as in this case, the tenant was assisted on the trial, by the landlord, still if the landlord was no party on the record, it cannot appear from the recovery against the tenant, that the landlord had the full opportunity for defence which as a party he would have enjoyed. If it could, by extrinsic evidence, be shown that the landlord’s efforts were in no way impeded, and that all the rights of offering testimony, cross-examining, and fairly presenting his title, were exercised by him, still he would not be concluded. His being a party might have caused change in the jury, pr in the admissibility of evidence or in the conduct of parties or counsel, which might have altered the result.
Knowledge of the former case, and active assistance rendered in it, are very different in their effect, when urged by the original plaintiff against a third person, in a new action of trespass to try titles, and when urged by the former defendant, in a new action brought by him on covenant of warranty, or some other new action wherein notice, or the *175 modern voucher, is material. It has been held that in an action for mesne profits brought against a landlord, not party to the previous ejectment, notice enpais of the action of ejectment, with strong circumstances of interference in preparing and presenting the defence, would not conclusively establish the plaintiff’s title against the landlord. Chirac vs. Reineker, 2 Pet. 613; 11 Wheat. 280. This case has been approved and somewhat sustained by our case of Lamar vs. Raysor, 7 Rich. 513; and is conformable to the result of our case of the Bank of the State of South Carolina vs. Bridges, 11 Rich. 89. It is not inconsistent with the case of Parker vs. Leget, decided at this sitting, where all the parties in the second action were parties in the first, the matter was the same in both actions, and the sole objection was that one'of three defendants had died.
The motion for a new trial is granted.
Glover, and Munro, JJ\, concurred.
O’Neall, J., dissented.

Motion granted.