## JONES v. MILLER.

*(Circuit Court, D. Nebraska. ———, 1880.)*

1. EVIDENCE—RECORD OF FORMER SUIT—IDENTITY OF CONTROVERSY.— Where the question in controversy relates to the identity of certain land, record evidence is admissible to show that the same controversy has been litigated between the defendant and the plaintiff's grantor, and determined by the state court.

2. SAME—GRANTOR AND GRANTEE—ADVERSE POSSESSION.—The adverse holding of a grantor who has given a warranty deed, must be established by clear and undoubted testimony, showing a change in the relations of the parties towards the land.

In Equity.

*John D. Howe* and *Geo. W. Ambrose*, for complainant.

*E. Wakeley*, for defendant.

McCRARY, C. J. This is a bill to quiet title to a tract of land in the city of Omaha, known as part of block 172½ in the Omaha City Company's survey. This survey was made prior to the time when the title of the United States was extinguished. The government title, however, subsequently vested in one John A. Horbach, who made several deeds, describing the land conveyed by reference to said plat. It appears that lots were bought and sold during a considerable period of time by reference thereto, and that the plat was published and well known in the community. The principal question in dispute here is as to whether the land now in controversy is identical with said block 172½. Both parties claim under Horbach as a common source of title, and each holds a deed for a tract of land coming from him through several mesne conveyances. On the sixteenth of January, 1858, Horbach conveyed by warranty deed, to one Moffat, eight lots in said block 172½; in February, 1858, Moffat conveyed the same by the same description to B. F. Allen; and in March, 1876, Allen conveyed to defendant, Miller. In 1872 Horbach conveyed the land now in controversy, by metes and bounds, without reference to the plat, to one Griffith, who in August, 1873, conveyed to plaintiff.

The case turns upon a question of fact, to-wit: whether

block 172½ is within the tract conveyed to the plaintiff. If so, defendant has the earlier deed and the better title. There is nothing on the face of the plat to fix definitely its precise location; and great difficulty is experienced now in determining this question, because of the obliteration of the landmarks of the survey, and the absence of a record fixing a starting point from some natural or permanent monument, which can now be fixed.

Upon a careful examination of the evidence I have reached the conclusion that the initial point from which the survey, relied upon by the defendant, was made, was the correct one.

The question is certainly not one free from doubt and difficulty, but I think the weight of evidence supports the theory of the defendant. Whatever doubt I might otherwise have would be resolved in favor of the defendant, by consideration of the fact appearing in evidence that this identical controversy has been litigated in the courts of Nebraska and decided in favor of defendant. See *Horbach* v. *Miller*, 4 Neb. 31.

It is true that Jones, the present plaintiff, was not a party to that suit, and is, therefore, not absolutely concluded by the judgment therein. But the record of the case is nevertheless admissible as evidence of the defendant's title as against Jones, who was the grantee of Horbach, the latter remaining in possession at the time of the suit. Under the circumstances adduced in evidence I regard that adjudication as entitled to great weight in the determination of the question at issue in this case. Horbach had warranted the title, and being himself in possession assumed the duty of defending the suit. He raised the same questions that are now presented, and they were contested throughout a protracted and earnest litigation. It is not to be presumed that Jones was ignorant of this litigation. Assuming that he was the *bona fide* purchaser and the real owner—which, however, does not appear—I should be inclined to hold, upon all the evidence, that Horbach was acting for him in taking the defence.

Upon the question of the admissibility of the record in the ejectment suit, as evidence against Jones, see *Chirac* v. *Reinecker*, 2 Pet. 613.

One other question requires consideration. The plaintiff claims title by virtue of an alleged exclusive, adverse, and notorious possession in Horbach and his grantees since 1860, and he pleads the statute of limitations. It appears in evidence that Horbach enclosed a large tract of land, including the premises now in controversy, and exercised acts of ownership over the whole.

It does not, however, in my judgment, sufficiently appear that, as to the tract now claimed by defendant, there was such adverse holding, under claim and color of title, as the law contemplates. Holding, as I do, that Horbach had sold this tract, by warranty deed, to Griffith, it follows that, to give him the benefit of the statute of limitations, I must be satisfied that he held adversely to his own grantee. I do not say that in no case a grantor, who has given a warranty deed, can hold adversely to his grantee, but I am clearly of the opinion that such holding must be established by clear and undoubted testimony, showing a change in the relations of the parties toward the land. The evidence here simply shows that Horbach enclosed this tract with other lands owned by him, and the presumption of the law in such a case is that, as to the portion which he had sold and conveyed, he was in possession in amity with, and in subservience to, the title he had given.

Where there is no claim of right the possession cannot be adverse to the true title. It follows, from these considerations, that there must be decree for the defendant.