THOMAS S. PAGE *v.* ISAAC HOBBS, WILLIAM F. WOOD, E. D. WOOD, JAMES LOCK, PETER OLOFSEN, JOHN FOWLER, JOHN J. FOWLER, AND HENRY LITTLE.

ENTRY ON INCLOSED PUBLIC LAND TO PRE-EMPT.—If the defendant in an action to recover the possession of land, justifies his entry upon the prior possession of the plaintiff on the ground that the land was public land, subject to the pre-emption laws of the United States, and that he entered in pursuance of said laws, with intent to pre-empt, occupy, and enter the land in accordance with the provisions of the same, it devolves on him to show that he is one of the persons entitled to the benefit of said laws.

RIGHT TO PRE-EMPT SUSCOL RANCHO.—A declaratory statement under the pre-emption laws in relation to land within the boundaries of the Suscol Rancho, made by one who was not a *bona fide* purchaser from Vallejo, at any time between

March 3d, 1863, and October 15th, 1864, was of no effect. The Act of March 3d, 1863, withdrew said land from the operation of the pre-emption laws until October 15th, 1864..

WHAT PRE-EMPTIONER MUST PROVE.—One claiming to hold public lands as a pre-emptor, as against a prior possessor, must show that he is one of the class of persons entitled to pre-empt, and that he has performed the acts prescribed by the pre-emption laws, or the prior possession will prevail.

APPEAL from the District Court, Seventh Judicial District, Solano County.

Vallejo claimed the Suscol Rancho under a grant from the Mexican Nation. The Supreme Court of the United States rejected the grant in 1862. The plaintiff had purchased from Vallejo the land in dispute, which was a portion of the so-called Suscol Rancho, a long time prior to the rejection of the grant, and had entered into possession and inclosed the same.

In 1862, after the rejection of the grant, defendants entered, claiming the right each to pre-empt one hundred and sixty acres as public land. Plaintiff commenced this action on the 26th of November, 1862. March 3d, 1863, Congress passed an Act granting to *bona fide* purchasers from Vallejo the exclusive right to purchase at any time within one year after the plats of survey were filed in the Land Office. These plats were filed October 15th, 1863. Defendants' declaratory statements as pre-emptioners were filed in the Register's office on the 23d day of October, 1863. The trial was had February 3d, 1864.

The other facts are stated in the opinion of the Court.

*M. A. Wheaton,* for Appellants.

*Whitman & Wells,* for Respondent.

By the Court, SAWYER, J.

This action was commenced on the 26th day of November, 1862, to recover a portion of the tract of land known as the " Suscol Rancho." The plaintiff was one of the purchasers under the grant to Vallejo. He had occupied for a series of

years, claiming title under said grant. Soon after the decision
of the Supreme Court of the United States, rejecting the
Vallejo grant in 1862, numerous parties, regardless of the
inclosures or possession of those who had for years occupied
under conveyances from Vallejo, entered upon various tracts
of the land covered by the rejected grant. Among the parties
so entering were the defendants, each of whom laid claim to
one hundred and sixty acres. These entries were made some-
time during the summer and fall of 1862, and prior to the
institution of this suit.

The defendants answered separately, and in their answers
severally alleged, that, at the time of their respective entries
upon the lands in question, said lands were public lands of the
United States, subject to the pre-emption laws of 1841 as
subsequently modified and extended over the State of Califor-
nia; that they respectively entered upon tracts of one hundred
and sixty acres each, and no more, under and in pursuance of
said pre-emption laws, with the intent to occupy and enter
the same in accordance with the terms of said Act, so soon as
said lands should come into market.

The testimony, by consent of the parties, was taken by a
referee and reported to the Court, and the Court tried the case
without a jury upon the testimony thus taken.

The Court found:

Firstly—The plaintiff, on and for several years before the
twenty-fifth day of October, had by himself and tenants, held
the actual possession of the land described in the complaint,
cultivating and using the same for the ordinary purposes of
agriculture, farming and pasturage.

Secondly—That on or about said twenty-fifth day of October,
A. D. 1862, the defendants entered upon said premises, and
ousted and excluded plaintiff therefrom, and have from that
time to the present withheld the same from him.

Also the value of the rents and profits, and the specific parts
of which each was in possession, and rendered judgment
accordingly. A motion for new trial having been made and

denied, defendants appeal from the order denying new trial, and from the judgment.

Upon the facts found, the judgment is clearly correct, and the only questions are, as to the sufficiency of the evidence to support the findings, and as to the propriety of the rejection of certain evidence offered by defendants. Upon the first point, the testimony was clearly sufficient to establish the prior possession during several years of the plaintiff, and the entry and ouster by defendants. The testimony utterly failed to connect the defendants with the title of the United States, through the medium of the pre-emption laws. The pre-emption laws in force at the time, if any, were the Act of 1841, and subsequent modifications. The only qualification of the law of 1841 bearing upon the question is, that in California, unsurveyed lands were subject to pre-emption settlements; and the fact that a party had once before availed himself of the provisions of the Act in other States, did not preclude him from availing himself of its provisions again in this State. In other respects, the provisions of the law of 1841 were in force.

Under that Act, no person is entitled to settle upon the public land, with a view to pre-emption, unless such person is the head of a family, a widow, or one over the age of twenty-one years, the party being a citizen of the United States, or a person who has filed his declaration of intention to become a citizen, and he must "make a settlement in person," and must "inhabit and improve the same," and "erect a dwelling thereon." And, "No person who is a proprietor of three hundred and twenty acres of land in any State or Territory of the United States, and no person who shall quit or abandon his residence on his own land to reside on the public land in the same State or Territory, shall acquire any right of pre-emption under this Act." (Wood's Digest, 746, Sec. 10.)

In order to connect themselves with the United States under the pre-emption laws, it was necessary for the defendants to show that they were persons entitled under this Act to the benefit of its provisions. But there is not a shadow of testi-

mony in the record tending to show that they, or either of
them, were heads of families, single men over the age of
twenty-one, or citizens, or persons who had filed their declara-
tions of intention to become citizens, and no satisfactory evi-
dence that they made " a settlement in person," and " inhab-
ited the same." There is testimony that most of them built
a shanty, or moved one on the land; but the testimony is that
a portion of them lived in them, and a portion did not, and
the testimony does not show which defendants lived on the
land, or inhabited it, and which did not, except that it appears
that U. F. Wood "never lived on the land." But as before
stated, there is a total absence of testimony tending to show,
that any one of these parties is within the provisions of the
Act. It is not enough to show that they entered with an
intent to claim under the pre-emption laws, without also
showing that they were entitled to make a claim under such
laws. The defendants having failed to connect themselves
with the title of the United States through the medium of
these acts, or otherwise, the evidence justifies the finding,
and the prior possession of plaintiff must prevail.

The testimony of the defendants which was rejected, if all
admitted, would not obviate this defect of proof, and could
not therefore change the result.

But the certificate of the Register of the Land Office, that,
on the 23d of October, 1863, the said several defendants filed
their declaratory statements under the pre-emption laws, giv-
ing notice of their intention to claim the respective portions
of the lands upon which they had entered, was inadmissible.
These transactions took place nearly a year after the com-
mencement of this suit, and at the time the said declarations
were filed, the lands covered by them had been withdrawn
from the operation of the law of 1841 (as we held in *Hastings*
v. *McGoogin et al., ante* 84,) by the Act of March 3, 1863.
At this time, and for a year after the 15th of October,
1863—the day on which the plats of survey were filed—the
plaintiff was the only person authorized by the Act of March

3, 1863, to purchase these lands. There was no error in rejecting the certificate of the Register of the Land Office.

Under the views taken it is unnecessary to discuss the question as to the right of a person, for the purpose of acquiring a pre-emption right, to enter upon the actual possession of another.

Judgment affirmed.

Mr. Justice CURREY, having been consulted as counsel, did not sit in the case.

By the Court, SAWYER, J., on petition for rehearing.

Plaintiff recovered in this action on his prior possession, and not upon a claim under the Act of Congress authorizing those who had purchased under Vallejo to enter the lands reduced to possession under such purchases. The record, however, shows that plaintiff is one of the parties contemplated by the Act, he having reduced the lands to possession, and having been, for several years prior to the entry of defendants, in possession under conveyances from Vallejo. The question is not whether the defendants are under a disability, which must be shown by the party alleging it. They allege a right acquired under the United States, and the burden of showing the right is on them. The Government has not extended its bounty to mankind generally, but it has conferred a right upon a particular class of persons upon the performance of certain prescribed acts, and a party claiming the right must show that he is one of those persons, and that he has performed the acts required.

At the time the declaratory statement was filed by defendants, the lands were not subject to pre-emption by them, for it appears that the lands in question had been reduced to possession by plaintiff under conveyances from Vallejo, and that the time had not expired within which plaintiff had the exclusive right of purchase. It was not a matter of any consequence whether he had yet taken the steps to secure the land or not.

The declaratory statement, made while the lands were not subject to pre-emption, was of no validity, and there is no sufficient evidence, independent of, or in connection with this declaratory statement, to connect the defendants with the United States Government prior to the commencement of this suit.   The plaintiff's prior possession must, therefore, prevail.

As to the question of damages, it appears by the admissions of the parties in evidence, that plaintiff had taken possession of the crops in an action to recover them, but the suit was still pending and undetermined.   We cannot know that he will recover.   But there is nothing in the pleadings, that will enable us to take cognizance of the fact that plaintiff has brought an action to recover the crops, or that he has received the rents and profits.   Besides, it appears in the record that the plaintiff has "remitted a portion of the damages."   We presume this was to obviate the objection made by appellant.

Rehearing denied.