WM. H. DURFEE, RESPONDENT, *v.* GEORGE T. PLAISTED, APPELLANT.

PATENT.— If a patent be void on its face, or was issued without authority, or was prohibited by law; or if the Government in whose name it is issued had no title, it may be attacked collaterally.

PATENT TO THE PURCHASERS OF THE SUSCOL RANCHO.— A patent issued pursuant to the provisions of the Act of Congress granting the right of pre-emption, etc., to the purchasers of the Suscol rancho, is the record of the Government that the land was subject to entry by the patentees, and was entered by them in conformity to law; and is conclusive evidence of the regularity, as well as of the validity of the action of the officers, in confirming the title of the patentees as purchasers from Vallejo or his assigns.

IDEM.— No one who does not connect himself with the source of title to the Suscol rancho, will be permitted to inquire whether the conditions of the statute were complied with, or whether the officers issuing the patent rightfully performed their duty.

STATUTE CONCERNING THE SUSCOL RANCHO — CONSTRUCTION OF.— The statute does not prohibit a purchaser of land within the limits of the City of Vallejo, situated on said rancho, from presenting his claim for, and entering such land.

IDEM.— The exception " of such lands as may be designated by the President," contained in the proviso to the fifth section of the Act, has reference only to such designation as *thereafter* might be made.

APPEAL from the District Court, Seventh District, County of Solano.

The action was for the recovery of a lot of ground in the City of Vallejo, and within the limits of the Suscol rancho. The plaintiff claimed title through several mesne conveyances, under the Act of Congress of March 3d, 1863 (12 U. S. Stats. 808) " granting the right of pre-emption, etc., to the purchasers of the Suscol rancho," and a patent issued in conformity therewith.

On the trial, the plaintiff offered in evidence the patent of the United States to the parties under whom he claimed. To which defendant objected, on the ground that it did not appear that any of the grantees named in the patent were

entitled to purchase the premises in dispute under the provisions of the Act of Congress, under which the patent was issued.

The Court overruled the objection, admitted the patent, and the defendant excepted.

The plaintiff then deraigned title to himself from one of the patentees, and rested his case.

It was admitted that the town of Vallejo had existed, as such, since the year 1850.

The defendant then offered in evidence a copy of the Proclamation of the President of the United States, issued in 1850, reserving from sale certain tracts or parcels of land therein mentioned, and offered to prove that the premises sued for were embraced within the limits of such reservation.

To which the plaintiff objected, on the grounds of irrelevancy and immateriality. The Court sustained the objection, and the defendant excepted.

The case was tried by the Court, who rendered judgment for the plaintiff; from which the defendant appealed—and assigned for error the admission and rejection of the evidence before stated, which had been duly excepted to.

*M. A. Wheaton,* and *S. G. Hilborn,* for Appellant.

*First*—Under the Suscol Act, no one was entitled to enter land unless : 1st—He was a *bona fide* purchaser from Vallejo or his assigns ; and, 2d—Had reduced the land to possession when the grant claim was rejected.

*Second*—That the patent is void for want of power in the officers to make the grant—it being for a town site, with a town on it.

*Third*—It was error in the Court below to refuse the offer of the defendant to show that the land sued for was a part of a tract designated by the President of the United States as a reservation for public purposes.

The latter clause of Sec. 5 of the Suscol Act is : "*Provided,* that no entry shall be made of lands reserved and occupied for military, naval, or other *public uses, or which may be desig-*

*nated for such purposes by the President;* nor shall any claim under this Act extend to mineral land."

The rule is very well settled, that if grants are made by public officers, of land which the law prohibits them from selling or granting, then, their grant is void, and no title passes, and the patent issued by them may be attacked, collaterally, in any action—ejectment or otherwise. (*Wilcox* v. *Jackson*, 13 Peters, 511 and 515; *Patterson* v. *Winn*, 11 Wheaton, 384; *Polk's Lessee* v. *Wendall*, 9 Cranch. 384; *Doll* v. *Meador*, 16 Cal. 324.)

*Thomas A. Brown*, for Respondent.

So far is the Act from prohibiting the sale or entry of town sites, that it expressly authorizes it. Admitting, however, that this is not so, and that town sites could only be entered by the town authorities, the defendant is precluded from taking advantage of the objection. The patent is absolutely conclusive upon him. (*Moore* v. *Wilkinson*, 13 Cal. 478; *Doll* v. *Meador*, 16 Cal. 324.)

RHODES, J., delivered the opinion of the Court:

The plaintiff claims title to the premises under a patent issued by the United States to Frisbie and others, by virtue of the Act of Congress of March 3, 1863, granting the right of pre-emption, etc., to the purchasers of the Suscol rancho. (12 U. S. Stats. 808.) The Act provides that, after the public surveys have been extended over the rancho, the *bona fide* purchasers from M. G. Vallejo, or his assigns, may enter the lands which they had purchased and reduced to possession, when the claim of Vallejo to the rancho was rejected by the Supreme Court of the United States; that joint entries may be made by co-terminous purchasers, so as to enable them to adjust their boundaries; that the claims of such purchasers should be presented to the Register and Receiver within a specified time, together with the proof of such purchase, settlement and possession; that the case of each claimant should be "adjudged by the Register and Receiver," under instructions from the Commissioner of

the General Land Office, and that their adjudication, together with the proof, should be transmitted to the Commissioner for final confirmation.  The patent, although not expressly provided for in the Act, issues in pursuance of the entry, as the usual and, perhaps, necessary mode, in the absence of any other provision, for the transmission of the legal title to the purchaser.  The patent grants certain tracts of land to the patentees "according to their respective interests therein, as purchasers from Vallejo or his assigns;" and it was stipulated that the premises in suit were a part of such tracts, and had been conveyed by Vallejo to Frisbie before the claim of Vallejo was rejected.  The patent is the record of the Government that the land was subject to entry by the patentees under the Act of Congress, and was entered by them in conformity to law; and is conclusive evidence of the regularity, as well as the validity, of the action of the officers in passing upon and finally confirming their claim as purchasers from Vallejo or his assigns.  (*Doll* v. *Meador*, 16 Cal. 324; *People* v. *Stratton*, 25 Cal. 251; *Page* v. *Hobbs*, 27 Cal. 483; *Carder* v. *Baxter*, 28 Cal. 100; *Hagar* v. *Lucas*, 29 Cal. 312.)

This rule is of course subject to the qualification expressed in *Patterson* v. *Winn* (11 Wheat. 380), that, if the patent be void upon its face, or were issued without authority, or were prohibited by law, or if the Government, in whose name the patent issued, had no title, it may be attacked collaterally.

The defendant does not connect himself in any manner with the source of title; and, under the rule stated, he is not permitted to inquire whether Frisbie was a purchaser from Vallejo or his assigns; whether, at the time of the rejection of the claim of Vallejo, Frisbie filled the requirements of the Act, so as to be entitled to present his claim and have it passed upon by the Register and Receiver, and the Commissioner of the General Land Office; or, generally, whether those officers correctly confirmed his claim.

It is contended that the premises were not subject to private entry, because they were within the limits of the City of Vallejo.  The third section of the Act provides that "Muni-

cipal claims within the limits of the said 'Suscol Ranch' may be entered under the terms, limitations and conditions of the Town Site Act of the 23d of May, 1844;" but it does not appear that the city has presented her claim according to the Act, or has entered the land; nor does the Act prohibit a purchaser of land, within the city, from presenting his claim for, and entering such land.

It is also contended, that the premises in controversy are included within the tracts of land which were reserved from the operations of the Act. The proviso to the fifth section is as follows: " *Provided*, that no entry shall be made of lands reserved and occupied for military, naval, or other public uses, or which may be designated for such purposes by the President 　\*　　\*." This point may be disposed of without considering the position of the plaintiff, that the action of the officers of the Government, is a conclusive determination, that the premises in suit are not included among the lands mentioned in the proviso. The lands mentioned in the proviso are of two classes: First—Lands, *reserved and occupied* for public uses—that is, lands which had been reserved, and were then occupied for public purposes; and, Second—Lands which might thereafter be reserved for such purposes. Had the intention been to exclude from the operation of the Act all lands theretofore reserved for public use, it would be immaterial whether they were occupied or not, and no mention would have been made of that circumstance. If the intention was to retain the right to make further reservations, in addition to such as were then occupied for public purposes, the language is appropriate to express that idea, and, in our opinion, there is no room for doubt that the lands referred to by the language, " or which may be designated for such purposes by the President," were lands that might *thereafter* be designated for public purposes by the President.

Judgment affirmed.