No. 1,824.

JOHN B. FRISBIE, RESPONDENT, *v.* NICHOLAS MARQUES, *et al.*, APPELLANTS.

STATUTE CONCERNING THE SUSCOL RANCHO — CONSTRUCTION OF. — A patent issued to two or more persons, by virtue of the Act of Congress of March 3, 1863, granting the right of pre-emption, etc., to the purchasers of the Suscol Rancho, creates, presumptively, a tenancy in common in the patentees, as between them and third parties.

APPEAL from the District Court of the Seventh District, Solano County.

The facts are stated in the opinion.

*M. A. Wheaton* and *Byrne & Freelon,* for Appellants.

The defendants objected to the patents offered in evidence, until the plaintiff proved himself a purchaser from Vallejo or his assigns—that is, a purchaser of what was known as the Vallejo title.

All of the patents, with the exception of No. 62, grant the land to several grantees. They do not, however, pass the land to the grantees jointly, an undivided interest to each, but they grant the land to said grantees, a portion to each in severalty, according to the interest of each as purchasers

(T.)

from Vallejo. The patents give and grant to the grantees in them named all of the land described in the patent "according to their respective interests therein as purchasers from Vallejo or his assigns."

This language of the patents is explained by Section 2 of the Suscol Act, under which they were issued. This section provides that *coterminous* proprietors may make joint entries for the purpose of enabling them to adjust their *respective boundaries*. The papers do not, upon their face, purport to create a tenancy in common. They do not convey a single interest in lands to several parties, but they convey a separate interest or piece of land to each separate grantee, and the separate piece of land conveyed to each separate grantee is found by finding the piece which he purchased from Vallejo or his assigns. He had a right to enter and receive a patent for just what he purchased from Vallejo, and no more.

*Patterson, Wallace & Stow* and *Amos M. Currier*, for Respondent.

The question of the extent of the interests of the several patentees was not litigated.

The patents granted an interest to the plaintiff in each one of the distinct tracts and parcels of land included in them, respectively; and the defendants offered no evidence on the point to show any segregation or partition between the patentees; and to make title in the plaintiff, it was sufficient for him to show the grant to himself and others. Such showing establishes a tenancy in common as a conclusion of law. And as against all the world, excepting his co-tenants, or persons deriving title through or from them, or some one of them, the plaintiff was entitled to recover the entire premises. (*Touchard* v. *Crow*, 20 Cal. 150; *Mahoney* v. *Van Winkle*, 21 *Id.* 552; *Hart* v. *Robinson*, 21 *Id.* 346; *Carpentier* v. *Webster*, 27 *Id.* 524.)

RHODES, C. J., delivered the opinion of the Court:

The facts in this case are similar to those in *Durfee* v. *Plaisted* (38 Cal. 80), except in one particular. In that case

the plaintiff claimed title through a patent issued by the United States, by virtue of the Act of Congress of March 3, 1863, known as the Suscol Act, to Ira Austin, John B. Frisbie and others; and it was stipulated that Frisbie, the plaintiff's grantor, had purchased, prior to June, 1855, Vallejo's title to the premises in controversy in that action. In this case, a portion of the premises is included in each of several patents, one of which was issued to the plaintiff alone, and the others to him jointly with other persons; but there was no evidence, aside from the patents, to show that the plaintiff was a purchaser from Vallejo of any portion of the premises. Upon these facts the question arises, whether a patent issued under the Act of Congress above mentioned, to two or more persons, should be construed, as between them, or one of them, and a third person, as creating, presumptively, a tenancy in common, or a tenancy in severalty.

Counsel have not presented any authorities upon this question. The second section of the Act (12 U. S. Stats. 808), authorizes the purchasers from Vallejo, or his assigns, to enter the lands, which they had purchased and reduced to possession prior to the rejection of the claim of Vallejo, by the Supreme Court of the United States; but requires the entries to be made in conformity with the legal subdivisions, after the land is surveyed under the direction of the Commissioners of the General Land Office, and the section concludes as follows: "Joint entries being admissible by coterminous proprietors to such an extent as will enable them to adjust their respective boundaries." Without the aid of this clause, two or more joint purchasers from Vallejo would be entitled to make a joint entry of the subdivisions included within the limits of their purchase; and the patent issued in pursuance of such entry, it would not be doubted, would constitute the purchasers tenants in common. The patent would vest in them the title to the land, according to their respective interests as purchasers from Vallejo or his assigns, whether it was so expressed therein or not, and they would be presumptively, as they are in fact, tenants in common. Our statute provides, that "every interest in real estate, granted or devised to two or more persons, other

than executors or trustees, as such, shall be a tenancy in common, unless expressly declared in the grant or demise to be a joint tenancy." (Stats. 1855, p. 171.) The purpose of the statute, was to establish a rule the opposite to that of common law. At common law, a grant of the kind mentioned in the statute, would constitute a joint tenancy; but neither at common law, nor under the statute, would it be construed as a tenancy in severalty.

Whatever may be the relation between the several grantees, or the extent of their respective interests, and whatever rights and remedies they may have as between themselves, the presumption of law arising upon the face of the grant, is, in our judgment, that the grantees are tenants in common, unless the grant expressly creates a joint tenancy. The terms of the patent, whereby the lands are granted to the persons therein named "according to their respective interests therein, as purchasers from Vallejo or his assigns," do not impair the force of the presumption, for they do not necessarily imply a several tenancy, as they may have effected the purchase from Vallejo as tenants in common.

In support of the opposite construction, reliance is mainly placed upon the clause of the second section of the Act of Congress already cited, and it is argued that the patent, when read in conjunction with this clause, shows a several tenancy. Joint entries may be made, as we have seen, for other purposes than the adjustment of boundaries, and it would require, at least, evidence of separate purchases from Vallejo, to overcome the presumption of a tenancy in common.

There are certain considerations which strongly impel us to give to the patent the construction which we have already announced. It will be admitted, that by virtue of the patent, the title passed from the United States. Should the construction be adopted, that it granted a title in severalty, the patent would be of no real service in proving title in any one of the grantees, for he would still be under the necessity of proving his purchase from Vallejo, and that he had reduced the lands to possession prior to the time mentioned in the Act. A release or conveyance executed

by each or all of the other grantees, would not aid him in proving title, for, on the theory of a several title, such release or conveyance would be of no value, unless it was also shown that the party who executed the release or conveyance, purchased the premises from Vallejo and reduced them to possession, for a release or conveyance by a person without interest in the premises would neither release nor convey anything. It is apparent that that construction would open up a flood of litigation. Another difficulty might accrue under that construction, which would seem insuperable. Should the Court, on the trial of the action, disagreeing with the Land Department, determine that the proofs on which the party relied were insufficient to show a purchase from Vallejo or his assigns, the other patentees, not being or claiming to be such purchasers of the premises in controversy, and the title having confessedly passed from the United States by means of the patent, the result would be, that while the title passed from the United States, it passed to no one.

For these reasons we feel justified in holding that, as between the patentees and third persons, the patent must be construed as creating presumptively a tenancy in common.

The remaining questions in the case, were determined adversely to the position of the defendants, in *Durfee* v. *Plaisted (supra.)*

Judgment affirmed.