BENJAMIN FLINT, Respondent, v. JOHN BELL, Appellant.

No. 2585; December 12, 1870.

**Public Land—Necessity of Survey.**—A Purchaser Under a Certificate of purchase acquires no rights by the certificate when the lands described in the latter have not, at the date of its issue, been as yet surveyed.

**Public Land.**—If One Locating upon Unsurveyed Lands and not Entering upon them fails, within three months after the filing of the

township map with the register, to present his claim to the lands, he loses all rights, as against a person who has in the meantime entered upon the lands and duly filed his declaratory statement as a pre-emption claimant.

APPEAL from Third Judicial District, Monterey County.

Wm. Matthews for respondent; Moore & Laine for appellant.

RHODES, C. J.—The plaintiffs rely for a recovery of the possession of the premises upon a certificate of purchase issued to their grantor in 1862 by the register of the state land office, and the confirmation of the selection of the land, by virtue of the act of Congress of the 23d of July, 1866, to quiet land titles in California: 14 U. S. Stats., p. 218. Neither they nor their grantors were at any time in the possession of the premises. The plat of the United States survey of the township, which includes the lands, was filed in the office of the register of the proper land district, December 13, 1866. There is no evidence that the plaintiffs have taken any steps to "present and prove up their purchase and claim," as provided for by the third section of the act.

The defendants entered upon the premises in May, 1869, and were in possession at the commencement of the action. They possess the requisite qualifications as pre-emptors, and have filed with the register their declaratory statements.

The certificate of purchase at the time it was issued was void, because the lands therein described had not then been surveyed, and the purchaser acquired no right in the land by virtue of the certificate: Terry v. Megerle, 24 Cal. 609, 85 Am. Dec. 84; Grogan v. Knight, 27 Cal. 517. The question presented for decision is whether the act of Congress of the 23d of July, 1866, had the effect, of its own force, and without any action on behalf of the holder of the certificate of purchase, to give him the right of possession as against the defendants, who entered as pre-emption claimants. The plaintiff's certificate falls within the third section of the act— that is to say, the selection was made of lands that had not been surveyed at the passage of the act.

The first three sections of the act were to some extent involved in Toland v. Mandell, 38 Cal. 30, and Hodapp v.

Sharp, 40 Cal. 69, and in those cases some of the provisions of these sections were construed. In Toland v. Mandell it was held that the third section, which gave to the selection of land, which at the passage of the act had not been surveyed, "the same force and effect as the pre-emption right of a settler upon unsurveyed public land," legalized the possession of the locator upon unsurveyed lands until he had an opportunity to present his claim, as provided in the act. Whether the locator, who has not entered upon the land, would have the right while the land remained unsurveyed, and for the period of three months after the plat of the survey of the lands has been filed in the register's office, to recover the possession of the land from a person who, after the passage of the act, entered upon the land as a pre-emption claimant, it is unnecessary, for the purposes of this case, to decide. But if he has permitted that period of time—the three months succeeding the filing of the township plat with the register— to expire, without having presented his claim to the lands, he has lost all right to the lands, as against a person who has in the meantime entered thereon and duly filed his declaratory statement as a pre-emption claimant. The holder of the certificate of purchase whose selection comes within the third section acquires title only when the land is certified over to the state by the commissioner of the general land office; and in order that this may be done, he is required to present and prove up his purchase and claim. For this purpose the act accords to him the status of a pre-emption claimant of unsurveyed land. One of the provisions of the act of Congress of March 3, 1853 (10 U. S. Stats., p. 246), is that the pre-emption claimant of unsurveyed land must file his declaratory statement within three months after the plat of the survey has been filed in the office of the register of the proper land district. And courts have no power to extend the time prescribed by the act: Megerle v. Ashe, 33 Cal. 74. To give an indefinite extension of time to the purchaser to present and prove up his claim would defeat the purpose of the act, which is to quiet titles to lands theretofore sold by the state. The purchaser acquires through the act the rights of a pre-emption claimant of unsurveyed land, and the principal right which he possesses is the right to acquire the title to the land, provided he shall file his claim—his declaratory statement—

within the specified time. The rights of the purchaser from the state of lands which were not surveyed at the time of the passage of the act are coupled with the same condition; and in order to avail himself of the benefits of the act (other than by way of protection as already mentioned of such possession as he may have), he must present his claim within three months after the filing of the township plat in the register's office.

Judgment reversed and cause remanded, with directions to render judgment for the defendant.

We concur: Crockett, J.; Temple, J.; Wallace, J.