FRANCIS AVERY, Appellant, v. BLACK DIAMOND COAL MINING CO., Respondent.

No. 3916; December 29, 1874.

**Public Land—Patent from State.**—The law gives the state no authority to issue patents for lands to which it has not acquired title from the United States, and a patent by it issued for any such lands is void.

**School Land—When Patentable by State.**—Land selected by the state in lieu of a sixteenth section reserved from the operation of the United States law granting it school lands is patentable by it only after being first listed or certified over to it by the general government.

APPEAL from Fifteenth Judicial District, Contra Costa County.

B. S. Brooks for appellant; W. H. L. Barnes for respondent.

RHODES, J.—The plaintiff, to prove his title, introduced a patent issued by this state for the lands in controversy, which has been selected by the state in lieu of a portion of a

sixteenth section; but there was no evidence that the lands had been listed to the state by the United States. The seventh section of the act of Congress of March 3, 1853, to provide for the survey of the public lands in California and granting lands to the state for the purposes of public schools, etc., provides that lands in lieu of sixteenth and thirty-sixth sections reserved for public use, taken by private claims or preemption claims, shall be selected "agreeably to the provisions of the act of Congress approved on the twentieth of May eighteen hundred and twenty-six, entitled 'An act to appropriate lands for the support of schools in certain townships and fractional townships not before provided for,' and shall be subject to approval by the Secretary of the Interior." Neither that act nor the act of March 3, 1853, provides for the issuing of patents for the lands so selected nor do the acts themselves "convey the fee simple title of such lands." The act of Congress of August 3, 1854, provides that "when lands have been, or shall hereafter be granted by any law of Congress to any one of the several states and territories, and when said law does not convey the fee simple title of such lands, or require patents to be issued therefor, the lists of such lands, which have been, or may hereafter be certified by the commissioner of the general land office, under the seal of said office, either as originals or records, shall be regarded as conveying the fee simple of all the lands embraced in such lists, that are of the character contemplated by such act of Congress, and intended to be granted thereby."

No other mode has been provided by law for the transmission to the state of the title to the lands selected as lieu lands, and the title does not vest in the state until the lands are listed over, or certified over, to the state: Hodapp v. Sharp, 40 Cal. 69; Collins v. Bartlett, 44 Cal. 382; Buhne v. Chism [48 Cal. 467], No. 3711, July term, 1874.

The law does not authorize a patent to be issued by the state for land to which the state has not acquired the title, and a patent so issued is issued without authority of law, and is therefore void.

Judgment and order reversed and cause remanded for a new trial.

We concur: Crockett, J.; Wallace, C. J.; Niles, J.; McKinstry, J.