## W. S. ROSECRANS v. JOHN W. DOUGLASS.

LIEU LAND — THIRTY-SIXTH SECTION. — A thirty-sixth section of public land is not lost to the State, so that lieu land can be taken therefor, from the fact that it is included within the limits of a confirmed Mexican grant, until there has been a final survey of the grant.

LISTING LAND OVER TO A STATE. — The listing over of land to the State by the Commissioner of the General Land Office as lieu land, taken by the State in place of a thirty-sixth section included within the boundaries of a confirmed Mexican grant, is void, and confers no title on the State, if such grant has not been finally surveyed when the land is listed over.

IDEM.—Such selection of lieu land by the State is void as between the State and the Federal Government, and the State has no title which it can convey by patent.

ATTACK UPON A PATENT FOR LAND.—One who is a qualified pre-emptor, and is living on public land, and has filed his application to purchase, and has offered to prove up his claim, and has tendered the purchase-money, has such a privity with the title of the United States as will enable him, in an action at law, to attack a patent for the same which is void as having been issued without authority of law, but is not void on its face.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

Ejectment to recover the northwest quarter of section twenty, township two south, range thirteen west, San Bernardino Meridian, and lying in Los Angeles County. On the 22nd of April, 1868, the township plat was filed in the office of the Register and Receiver of the United States Land Office. On the same day a State selection of the land was made, in lieu of the west half of section thirty-six, township eight south, range seven west, San Bernardino Meridian, stating that the land in lieu of which it was taken had been lost to the State by reason of its being included within the limits of the final survey of the Mexican grant mentioned in the opinion. The land was listed to this State by the Commissioner of the General Land Office on the 24th day of November, 1871. The defendant filed his declaratory statement as a pre-emptor on the 21st day of November, 1871.

In July, 1867, an official survey of the grant had been made, but this survey was, on the 3rd day of March, 1876, rejected by the Commissioner of the General Land Office, and a re-survey ordered. The State patent was issued to the plaintiff on the 6th day of November, 1874.

The plaintiff recovered judgment, and the defendant appealed. The other facts are stated in the opinion.

*John D. Bicknell*, for the Appellant.

A patent may be attacked collaterally when the State has no title in the land patented. (*Patterson* v. *Winn*, 11 Wheat. 352; *Stoddard* v. *Chambers*, 2 How. 284; *Durfee* v. *Plaisted*, 38 Cal. 80.)

No lieu land can be located in place of land included within

the limits of a Mexican grant until the survey of the grant becomes final.

A pre-emptor who has made his application is in such privity with the source of title as to enable him to attack a patent which is void. (*Frisbie* v. *Whiting*, 9 Wall. 187.)

*John D. Bicknell* and *Haight & Taylor*, for the Respondent.

The land having been listed to the State, the fee-simple passed. (Act of Congress of August 3rd, 1854; Lester's Land Laws, vol. 1, p. 236; *Bugnall* v. *Broderick*, 13 Peters, 436.)

The purchaser from the State is not bound to look back of the listment.

The patent cannot be impeached collaterally. (*Hodopp* v. *Sharp*, 40 Cal. 69.)

The defendant is not in such privity with the title as to enable him to impeach the patent. (*Rhodes* v. *Craig*, 21 Cal. 422; *People* v. *Stratton*, 25 Cal. 243.)

By the COURT:

The plaintiff claims under a patent issued to him by the State for the land in controversy, which in the year 1868 was selected by the State, in lieu of a thirty-sixth section alleged to have been lost to the State by reason of its having been included in the final survey of the Rancho Santa Margarita y Las Flores, a confirmed Mexican grant. But the Court finds that at the date of the State selection that rancho had not been, and has not yet been finally surveyed, and consequently that the said thirty-sixth section was not then, and has not yet been, lost to the State. It is clear that as between the State and the United States, the patent is void, notwithstanding the land was listed over to the State by the Commissioner of the General Land Office before the patent issued. The Act of Congress of August 3rd, 1854, (1 Lester's Land Laws, p. 136) provides that when lands are granted to the several States by any law of Congress, and when said law does not convey the fee of the lands, or require patents to be issued therefor, the lands granted shall be listed to the State by the Commissioner of the General Land

Office, and such lists " shall be regarded as conveying the fee-simple of all the lands embraced in such lists that are of the character contemplated by such Act of Congress, and intended to be granted thereby; but where lands embraced in such lists are not of the character embraced by such Acts of Congress, and *are not intended to be granted thereby*, said lists, so far as these lands are concerned, shall be perfectly null and void, and no right, title, claim, or interest shall be conveyed thereby." The listing was therefore null and void unless the land was " intended to be granted ".to the State by some law of Congress. But there is no law of Congress granting lands to this State in lieu of a sixteenth or thirty-sixth section, except in the cases wherein these sections have been lost to the State by reason of a prior settlement upon them, or because they have been reserved for public uses, or taken by private claims, as provided by the seventh section of the Act of Congress of March 3rd,. 1853. (1 Lester's Land Laws, p. 207.)

The plaintiff's patent, therefore, acquires no additional validity from the fact that the lands were listed to the State; and there can be no doubt that as between the State and Federal Government, the State selection was void, as having been made without authority of law, and being void, the State had no title which it could convey to the plaintiff.

It is contended, however, on behalf of the plaintiff, that the patent is not void on its face, and that the defendant has no such privity with the title of the United States as will enable him to attack the patent in an action at law. The defendant is a qual-ified pre-emptioner, living on the land, who has duly filed his application to purchase, has offered to prove up his claim, and has tendered the purchase-money. His application is yet pending and undecided; and we think these facts establish such a privity with the paramount source of title as enabled the defendant to attack the patent in an action at law. (*Kile* v. *Tubbs*, 23 Cal. 431, and authorities there cited; *Terry* v. *Magerle*, 24 Cal. 609; *Robinson* v. *Forrest*, 29 Cal. 317.)

Judgment reversed and cause remanded for a new trial.