[No. 6,715.—In Bank.]

## I. W. HELLMAN ET AL. v. HARDY JONES.

STATE LANDS — INDEMNITY SCHOOL SELECTION — CONSTRUCTION OF STATUTE.—
The land in controversy was listed to the State in lieu of a 36th section, lying
within a Mexican grant, of which the final survey had not been made. The
defendant, a qualified pre-emptor, settled upon the land after the selection
by the State but before the listing, and in due time filed his declaratory
statement, and offered to prove up and pay for the land, but his offer was
refused by the register and receiver, and was not renewed after the passage
of the Act of Congress of March 1st, 1877 ("relating to Indemnity School
Selections in the State of California"). In an action of ejectment, the
plaintiffs deraigning title under the State selection, *held*, that the defend-
ant, having failed to present his claim and proofs to the district land officers
within twelve months after the passage of the act, did not come within the
saving clause contained in the 3rd section of the act referred to, and that
therefore the title of the State, though originally void, was confirmed by the
act, and the plaintiffs entitled to recover.

APPEAL from a judgment for the plaintiffs, in the Seventeenth
District Court, County of Los Angeles. SEPULVEDA, J.

The land in controversy, as appears by the findings, was se-
lected by the State April 22nd, 1868, and listed to the State
November 24th, 1871, and a certificate of purchase issued to
the plaintiffs' predecessor in interest, May 9th, 1872. The de-
fendant settled upon the land in July, 1872.

*Will D. Gould*, and *James H. Blanchard*, for Appellant.

The case, in its main points, is identical with *Rosecrans* v.
*Douglass*, 52 Cal. 313. The listing of the land to the State was
void, made so by the Act of Congress of August 3rd, 1854.
(*Huff* v. *Doyle*, 50 Cal. 16 ; *Rosecrans* v. *Douglass*, cited *supra*.)
The Act of Congress of March 1st, 1877, does not apply to this
case, as the defendant settled on the land prior to the listing of
it to the State. There was no title in the State at the time the
patent issued ; and even supposing the title of the State to have
been confirmed by the act, it did not pass to the plaintiffs'
grantor.

*R. M. Widney*, for Respondents.

This is a case where the defendant, without title or color of
title, or the hope of either, makes a defense to a suit in eject-
ment, where the plaintiffs hold a patent from the State.

The defendant did not within twelve months after the passage of the Act of March 1st, 1877, offer his claim and proofs, as required by the 3rd section of the act ; and the act, therefore, confirms the title to the State.

The defendant neither has nor can have any privity with the paramount source of title; and cannot, therefore, attack our patent. (*French* v. *Fyan*, 3 Otto, 169; *Moore* v. *Robbins*, 6 id. 530.) The former of these cases expressly overrules the series of decisions of this Court, commencing with *Kernan* v. *Griffith*, 27 Cal. 87.

McKINSTRY, J.:

The action is ejectment, the plaintiffs claiming title through a patent from the State of California. Defendant Jones is in possession of the land, and claims right thereto as a pre-emption settler. The jury found special facts and a general verdict for defendant Jones. The court below set aside the general verdict, and gave judgment for plaintiffs upon special findings. The land in lieu of which the land in dispute was applied for by the assignor of plaintiffs was at the date of the application within the exterior limits of a Mexican grant, the final survey of which has never been confirmed. (Finding No. 10.) The listing of the land in controversy to the State, therefore, did not transfer the title of the United States. The land in lieu of which the land was selected was not then lost to the State. (*Rosecrans* v. *Douglass*, 52 Cal. 213.) The first section of the Act of Congress of March 1st, 1877, however, provides: "The title to the lands certified to the State of California, known as indemnity school selections, which lands were selected in lieu of the 16th and 36th sections, lying within Mexican grants, of which grants the final survey had not been made at the date of such selection by said State, is hereby confirmed to said State in lieu of the 16th and 36th sections, for which the selections were made."

The third section of the same act provides: "The foregoing confirmation shall not extend to the lands settled upon by any actual settler claiming the right to enter not exceeding the prescribed legal quantity under the homestead or pre-emption laws ; provided,    *    *    *    that the claim of such settler shall be presented to the register and receiver of the district land office,

together with proper proof of his settlement and residence, within twelve months after the passage of this act," etc.

The only action of defendant after the refusal of his offer and payment in 1872 was limited to an *ex parte* motion, asking for a hearing, in September, 1876. He did not within a year, nor at any time after the passage of the Act of Congress of March 1st, 1877, present his claim or proofs to the district land officers.

Judgment affirmed.

Ross, J., Thornton, J., and Sharpstein, J., concurred.

McKee, J., concurred in the judgment.