[No. 3,972.]

## G. W. CHANT v. G. C. REYNOLDS.

WHEN LANDLORD BOUND BY JUDGMENT AGAINST TENANT—A landlord is not bound by a judgment in ejectment against his tenant, unless he had notice of the pendency of the action, and an opportunity to defend in the name of the tenant.

FORMER JUDGMENT AS A BAR.—The heir of the intestate is not bound by a judgment in ejectment against a tenant of the administrator, if the administrator is not bound by it.

IDEM.—If a homestead claimant on public land dies before obtaining a patent, and his heir, after his death, performs the conditions and obtains a patent, his right of action in ejectment, founded on the patent, cannot be defeated by a judgment in ejectment, for the same land, rendered against the administrator of the estate, before the patent was issued, to which judgment he was not a party.

STATE SELECTION OF PUBLIC LAND.—A State selection of land granted by Congress, made before it is surveyed by the United States, is invalid.

IDEM.—Selections made by the State, of land granted by Congress, which are invalid when made, do not become the property of the State under the Act of Congress of July 23, 1866, entitled "an Act to quiet land titles in California," until the land has been certified over to the State by the Commissioner of the General Land Office.

WHO MAY ATTACK A PATENT.—A party who was a homestead claimant of public land, and, as such claimant, received a patent for it from the United States, is in such privity with the paramount source of title as enables him to attack a patent for it issued to another person by the State, as land selected in part satisfaction of a Congressional grant.

RECITATION IN PATENT AS EVIDENCE.—The recitation in a patent issued by the United States to one as heir of a homestead claimant, that such person is the heir of the homestead claimant and has performed the necessary conditions to perfect the homestead claim, is sufficient proof of the facts recited, in an action of ejectment brought by the patentee.

PRESUMPTIONS IN FAVOR OF PATENT.—The presumptions which arise in support of a patent for public land, issued by the State, can have no force in face of the facts that the State selection of the same was originally void, and that the selection has been validated by Congress.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

Ejectment to recover the north-west quarter of section twenty-eight, township three north, range seven east, Mount Diablo meridian. The action was commenced March 7, 1873. The demanded premises were selected by the State of California in 1863, as a part of a grant made by Congress. The selection was made by the State Locating Agent, in accordance with the laws of this State, who notified in writing, the Register of the United States Land Office for the district, that said selection had been made. This notification was made when the selection was made, and remained on file in the office of the Register. About the time of the selection, Gilbert C. Reynolds purchased the land from the State, but did not pay any money, either principal or interest, on the purchase, until September 17, 1867, when he paid twenty per cent. of the principal, and five years interest from and including the year 1863. On the 20th of May, 1868, the State issued a patent to said Reynolds. The land was surveyed by the United States in 1865, and the plat of the survey was filed in the Local Land Office on the 18th day of October, 1865.

On the 12th day of January, 1866, James W. Peat applied to the Register of the United States Land Office to enter the demanded premises as a homestead, under the homestead laws of the United States, and made the necessary affidavit, paid the Register the sum of ten dollars, and received his receipt therefor. Peat leased the land to W. J. Lowry in September, 1865, for three years, by a written lease, and Lowry entered under the lease. Peat died March 2, 1867, and on the 16th of that month, Charles Belding was appointed the administrator of his estate. Said Lowry thereafter attorned to Belding. On the 26th of May, 1868, Reynolds, the patentee, commenced an action of ejectment against Lowry, to recover the demanded premises, and on the 18th day of November, 1868, recovered judgment against him, and was placed in possession. This judgment the defendant in this action, pleaded as a

bar. There was no proof that the administrator, Belding, had notice of this suit against his tenant, Lowry. On the 22d day of December, 1872, the United States issued to Chant, the plaintiff, a patent for the demanded premises. The patent recited that the claim of George W. Chant, as the heir of Peat, had been established and duly consummated in conformity to law. The patent was the only evidence offered by Chant on the trial, to show that he was the heir of Peat, or had performed the conditions required by the Homestead Act. The plaintiff recovered judgment in the Court below, and the defendant appealed from the judgment, and from an order denying a new trial.

The other facts are stated in the opinion.

*J. H. Budd,* for the Appellant.

The judgment in the ejectment suit of *Reynolds* v. *Lowry,* was a conclusive bar in this suit as to all matters decided in that. (1 Green. Ev. Secs. 189, 523; *Bates* v. *Stanton,* 1 Duer, 87; *Burham* v. *Van Zandt,* 7 N. Y. 523; *Bennett* v. *Coachman,* 48 Barb. 73; *Coon* v. *Osgood,* 15 Barb. 588; *White* v. *Evans,* 47 Barb. 179.)

The patent to Reynolds was the elder patent, and must prevail, unless the holder of the junior patent shows a prior equitable right to the land. (*Jackson* v. *Lawton,* 10 Johns. 23; *Bagnell* v. *Frederick,* 13 Peters, 450; *Doll* v. *Meador,* 16 Cal. 265; *Smith* v. *Athearn,* 34 Cal. 506; *Ross* v. *Borland,* 1 Peters, 652.)

The presumption of law is that the defendant's patent was regularly issued. (*Ah Yew* v. *Choate,* 24 Cal. 568; *Jackson* v. *Marsh,* 6 Cal. 281; *Brady* v. *Begun,* 36 Barb. 533; *Bagnell* v. *Broderick,* 13 Peters, 436.)

*D. S. Terry* and *W. L Dudley,* for the Respondent.

The State location was made before the land was surveyed, and is therefore void.

Peat entered the land as a homestead, January 12, 1866, and the confirmatory Act of Congress was not passed till July 23, 1866, therefore the State selection was not confirmed by the Act. (2 Lester's Land Laws, 180, Sec. 1.)

---

---

In order to vest in the State the title to lands selected under the five hundred thousand-acre grant, it is necessary that they be " certified over to the State " by the United States Land Commissioner. (Act of Congress, approved August 3, 1854; 1 Lester's Land Laws, page 236. Act of July 23, 1866, "To quiet land titles in California." 2 Lester's Land Laws, page 180, Sec. 2.)

And the State law in force at the date of defendant's patent, authorized the issuance of a patent when the State selection has been "duly approved by and all papers required by law, duly procured from the proper officer of the government." (Hittell, Sec. 4,206.)

We contend that the defendant's patent is void, because it was issued without authority of law, and because the State had no title to the land. (*Polk's Lessee* v. *Wendell,* 9 Cranch. 87; *Same* v. *Same,* 5 Wheat. 293; *Jackson* v. *Lawton,* 10 Johns. 23; *Patterson* v. *Winn,* 11 Wheat. 384.)

By the Court, CROCKETT, J. :

1. The judgment in the case of *Reynolds* v. *Lowry* was not a bar to the present action. Lowry entered as a tenant under Peat; and, after the death of the latter, attorned to his administrator, and was holding the possession in this manner at the commencement of the action. There is nothing in this record to show that the administrator had notice of the pendency of the action; and it is well settled that a landlord is not bound by a judgment in ejectment against his tenant, unless he had a notice of the action and an opportunity to defend in the name of the tenant. The present plaintiff was not a party to the action; and as the heir of Peat he was certainly not bound by the judgment if the administrator was not. Moreover, at the time of the trial of that action, Peat's homestead claim had not been perfected, and was subject to be defeated by a failure to perform the conditions required by the Homestead Act of the United States. Since then, the present plaintiff, as the heir of Peat, has performed the conditions and obtained a patent. His right of action, founded on the patent, can-

not be defeated by a judgment in a former action to which he was neither party nor privy.

2.    The State selection of the land in controversy, made in 1863 upon unsurveyed public lands, was invalid. (*Terry* v. *Megerle*, 24 Cal. 609; *Grogan* v. *Knight*, 27 Id. 515; *Smith* v. *Athearn*, 34 Id. 512; *Hodapp* v. *Sharp*, 40 Id. 69; *Collins* v. *Bartlett*, 44 Id. 371; *Foscalini* v. *Doyle*, 47 Id 437.) But by the Act of July 23. 1866, entitled "an Act to quiet land titles in California," Congress provided a plan by which certain of these erroneous locations might be validated.    The first section provides that "in all cases where the State of California has heretofore made selections of any portion of the public domain, in part satisfaction of any grant made to said State by any Act of Congress, and has disposed of the same to purchasers in good faith under her laws, the lands so selected shall be and are hereby confirmed to said State," with certain specified exceptions. The second section provides that where these selections have been made "upon land which has been surveyed by authority of the United States, it shall be the duty of the proper authorities of the State, where the same has not already been done, to notify the Register of the United States Land Office for the district in which the land is located, of such selection, which notice shall be regarded as the date of the State selection, and the Commissioner of the General Land Office shall, immediately after the passage of this Act, instruct the several local Registers to forward to the General Land Office, after investigation and decision, all such selections, which, if found to be in accordance with section 1 of this Act, the Commissioner shall certify over to the State in the usual manner."    Section three provides for cases where the selection had been made from lands which, at the passage of the Act, had not been surveyed; and in these cases also, after proper investigation, the land " shall be certified over to the State by the Commissioner of the General Land Office."    In construing these sections we have several times decided that the title does not pass to the State until the land has been certified over to it by the Commissioner of the General land Office.    (*Hodapp* v.

*Sharp,* 40 Cal. 69; *Collins* v. *Bartlett,* 44 Id. 371.) There is no proof in this record that the land in controversy has ever been certified over to the State by the Commissioner, and there·is some evidence to the contrary. There is, therefore, nothing to show that the State has ever acquired a title, founded on its selection in 1863, or otherwise. The plaintiff has such privity with the paramount source of title as enables him to attack the defendant's patent, and whatever presumptions might otherwise arise to support the patent, they can have no force in the face of the fact that it is founded on a selection originally void, and there is no proof that it has been validated by the Curative Act of 1866, so as to pass the title.

3. The plaintiff's patent recites that he is the heir of Peat, and has performed the necessary conditions to perfect the homestead claims. No other proof of these facts was necessary.

Order and judgment affirmed.

Mr. Chief Justice WALLACE did not express an opinion.