CHARLES L. BARTLETT *vs.* BOSTON GAS LIGHT COMPANY.

Suffolk. Nov. 16, 1876. — March 7, 1877. AMES & LORD, JJ., absent

A judgment for the defendant, in an action brought by a tenant in possession of a house, for injuries to his person and property caused by an explosion of gas in the house through the defendant's negligence, is not a bar to a subsequent action by the owner of the house for an injury to his reversionary interest by the same explosion; nor is it conclusive evidence of the facts in issue between the parties.

In an action against a gas light company for an injury to the plaintiff's house, caused by an explosion of gas in the house escaping from the main pipe in the street, through the defendant's negligence, it appeared that the plaintiff's tenant in possession, during the night, smelling gas, took a candle and went into the basement of the house; and, on arriving there, the gas ignited from the candle, and the explosion took place, causing the damage for which the plaintiff sought to recover. The presiding judge instructed the jury, without objection, that the burden of proof was on the plaintiff to show that the injury was caused by the defendant's negligence, and that the negligence of the tenant did not contribute materially thereto; that the plaintiff must show by a fair preponderance of evidence that he was in the exercise of due care; and that if the tenant, on discovering the presence of gas, did not take reasonable precautions, or, without knowledge of such, did not make reasonable effort to notify the defendant, and if he recklessly brought

the flame of the candle into contact with the gas, his want of care would prevent recovery. The plaintiff asked the judge to instruct the jury that if the defendant was negligent in allowing the gas to accumulate and in promptly remedying it, after having knowledge of the leak, " then, although the tenant accidentally ignited the gas, the plaintiff might recover." The judge gave this instruction, with the addition that if the tenant "merely accidentally, without recklessness or carelessness," so ignited the gas, it was not such negligence as would prevent the plaintiff from recovering. The plaintiff also asked the judge to rule that if the defendant was negligent, the plaintiff could recover " unless the tenant recklessly or wilfully ignited the gas." The judge gave this instruction, adding that if the tenant did it " recklessly " the plaintiff could not recover, but that if he did it " accidentally merely " he could recover. The plaintiff also asked the judge to rule that " if the tenant supposed the gas to proceed from the furnace, and, acting under that impression, went into the cellar with the lighted candle to examine the furnace," and while there the gas ignited, it was not such negligence as would prevent the plaintiff's recovering. The judge gave this instruction, adding that if the tenant " reasonably " so supposed, the plaintiff might recover. *Held,* that the defendant had no ground of exception.

TORT for injuries to the plaintiff's reversionary interest and estate in a house on Columbus Avenue, Boston, caused by an explosion of gas. After the former decision, reported 117 Mass. 533, the case was tried in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, the material parts of which were as follows:

At the time of the accident, on a cold night in November, 1873, the house was occupied by Isaac Greensfelder as a tenant under a written lease from the plaintiff. In consequence of a leak in the street pipe, of which the defendant had notice, the gas worked through the soil into the plaintiff's house; and Greensfelder, about ten o'clock at night, smelling gas, took a candle, went through the house with a servant girl, tried the gas fixtures, but did not discover any leak. He testified that, in making this examination, the servant girl followed him through the house with a candle, a short distance behind him; that he told her to stand back, because he was afraid of danger from the lighted candle in case there was a leak; that, when he entered a room, she remained outside in the doorway with the light; and that he first smelt of the gas-pipes in each room, and when he found no smell in the pipes he then lighted a match and tried the pipes with it; that he smelt the gas in every room, in some more than in others, and in some hardly any; that he did not open any windows or take any other precautions, but returned

to his room and went to bed, still smelling the gas, though not so strongly as before; that the gas was burning in his room during the night; that at half-past twelve o'clock in the night he again awoke, and found the smell of gas stronger than it was before; that he found the smell strongest at the hot-air register in a closet of the room in which he was sleeping, and that he thought that the smell came from the furnace; that he accordingly descended with a lighted candle to the cellar, to examine the furnace, when, on entering the cellar where the furnace was, an explosion occurred, which seriously injured him, and caused the damages to the plaintiff's house, complained of in this action.

The servants of the gas company did not notify Greensfelder of the escape of gas, nor did Greensfelder notify the company of any smell of gas in his house. Greensfelder had occupied the house for eighteen months prior to the explosion, and during that time had received and paid gas bills quarterly, on the back of which was printed the following notice: "Notice to Gas Consumers. To avoid unnecessary complaints and to prevent accidents, regard should be given to the following rules: As soon as a leak of gas is perceived, whether by day or night, immediate notice should be sent to the West Street office of the company. When the smell of gas is apparent in a room, no light or fire should be permitted, and especially no match should be lighted, the windows should be opened and the room left unoccupied." Greensfelder testified that he never read this notice, and that on receiving the bills he only looked at the amount, and then handed them over to his clerk.

It appeared that there was a crack in the main pipe in the street opposite the plaintiff's house, at the place where the supply pipe was screwed into it. Dr. Babcock, a witness for the plaintiff, testified that gas is purified by flowing through the soil, and that the smell of it then becomes somewhat similar to the smell of furnace gas, and may be mistaken for it, but that he did not think he should be mistaken himself in the smell of street gas and furnace gas, if there was a sufficient quantity of it. He testified further that the strong, characteristic smell of illuminating gas, which is so offensive, comes from benzole and bi-sulphide of carbon, which are wholly wanting in furnace gas,

but that in cold weather the benzole is chilled out`of the gas in the streets.

The defendant offered in evidence the record of an action brought by Greensfelder against the defendant for injuries to his person and property from this accident, in which case a trial by jury was had, and a verdict and judgment obtained in favor of the defendant, and contended that the judgment was a bar to the present action.   Upon the plaintiff's objection, the judge excluded the evidence, and ruled that it was not a bar ; to which the defendant excepted.

So much of the judge's charge as is now material was as follows :  " There are conditions upon which persons suffering injury to their property may recover damages of the gas company. Those conditions are, that the plaintiff who seeks to recover the damages shall show affirmatively, the burden of proof being upon him, that the injury was occasioned by the negligence of the servants of the defendant company ; and that in no material degree did the negligence of the tenant of the plaintiff contribute to that injury ; and if those two facts are established upon the whole evidence, by a fair preponderance of the evidence, the plaintiff has a right to recover ; if not, he has not.

" The question is, Was either of these parties negligent, or not ?   If either, which ?   For, if it was a pure accident, and nobody negligent, then the loss must fall where Providence sent it.   Now the law, as far as I deem it applicable to this case, is this : In the first place, it is not a case where the plaintiff can recover, even though he has been recklessly negligent himself, or even though this tenant, Greensfelder, who was the tenant of the plaintiff under a lease, notwithstanding that relation of landlord and tenant, and notwithstanding it has heretofore been supposed by some that that was not such a relation as would affect the landlord at all by the negligence of the tenant, yet it is entirely settled that, if the tenant was recklessly negligent, the landlord cannot recover, if that negligence contributed in a material degree to the explosion and injury.

" Then the case stands, under the general principle which I have stated, in this way : that the plaintiff in this case must offer to show, and must satisfy you, upon the whole evidence, by a fair preponderance of the evidence, that he was in the exercise

of due care, of such care as a prudent man might reasonably be expected to exercise under the circumstances, and that the explosion was caused by the negligence of the defendant.

" Starting with that principle, then, we come to these questions, and the law, then, is, in regard to this part of the case, thus : If the defendant's servants, the officers of the company, did not know, and by the use of due care could not ascertain, that the gas was escaping into the plaintiff's house, or had reasonable cause to believe that it was not, and no notice was given by the inmates of the house to them that gas was in the house, the defendant is not liable.   But if the defendant's servants did know, or if, with their knowledge of the condition of the street, they had reasonable cause to suspect, that the gas had entered into or under the plaintiff's house in dangerous quantities, or was then entering into the plaintiff's house in such quantities, and gave no notice to the inmates, and made no request to be admitted into the house for the purpose of examining, the company is liable in damages, if the plaintiff's tenant was in the. exercise of due care.

" If the jury are satisfied that the tenant, Greensfelder, having discovered the presence of gas in unusual large quantity in the house, or in a room of the house, did not take reasonable means and precautions to remove and exclude the gas, or, not knowing what such precautions were, did not notify the servants of the defendant that gas was escaping, or make some reasonable effort to notify them that gas was escaping into the house, and if he recklessly brought the flame of the candle into contact with the gas and air of the room, his want of care will prevent recovery on the part of the plaintiff in this case, although the jury may believe that the defendant was negligent."

The judge then said that, to make the matter a little more clear, he would read to the jury the following requests for instructions on the part of the plaintiff, and did so, with the comments stated after each request :

" ' 2. If the defendant company was negligent in allowing the gas to accumulate upon the premises, and in neglecting to remedy the difficulty with sufficient promptness after it had knowledge of the leak, then, although the tenant, Greensfelder, accidentally ignited the gas, the plaintiff is entitled to recover.'

" That is substantially correct. If the company had notice, and if Greensfelder, merely accidentally, without recklessness or carelessness, by his candle ignited the gas, that is not such negligence on his part as will prevent the plaintiff from recovering.

" ' 3. If the defendant company was negligent, then the plaintiff is entitled to recover, unless the tenant, Greensfelder, recklessly or wilfully ignited the gas which caused the explosion.'

" As I have already said, if he did it recklessly, that is one thing, and shows such negligence on his part as will prevent recovery. If he did it accidentally, merely, and not negligently, it will not prevent a recovery. The words ' or wilfully ' I should not have put in there, but I do not know that they do any harm; and I should be willing to give that instruction substantially.

" ' 6. If the tenant, Greensfelder, supposed the gas to proceed from the furnace, and, acting under that impression, went into the cellar with the lighted candle to examine the furnace, and while there the gas ignited from the candle, then the tenant was not guilty of any negligence which would affect the plaintiff's right to recover.'

" That assumes the presence of another source of the escape of gas, which would account to the tenant, Greensfelder, for all the indications of the presence of gas in the house which were brought to his notice. But the question is presented whether, if a man, knowing of the presence of gas, and not knowing the difference between illuminating gas and gas coming from a coal furnace, believing that the gas and all the gas which was presented to his senses was coal gas, and that that alone was its origin, took a candle and went towards the furnace, and by that great mistake of his found the presence of an explosive fluid in the room, and the flame was brought in contact with it, and caused an explosion — whether he is guilty of negligence. And the instruction which the plaintiff asks me to give is, that in such a case the tenant is not guilty of such negligence as will prevent his landlord from recovering in this case. I think this instruction should be put to the jury in this way : It is not from the mere fact that the plaintiff's tenant supposed that all the gas which he knew of came from the furnace, and was coal gas, and not illuminating gas, not explosive, but he must exercise and

should exercise some reason in the matter, and if he was in the exercise of his reason, if his best judgment led him to that conclusion, then, if the ignition took place by reason of an element which he did not know, it could not be recklessness on his part and would not prevent the plaintiff from recovering. So I read it. If the tenant, Greensfelder, reasonably supposed the gas to proceed from the furnace, and, acting under that impression, went into the cellar with the lighted candle to examine the furnace, and while there the gas ignited from the candle, then the tenant was not guilty of any negligence which would affect the plaintiff's right to recover.

" ' 7. If the tenant, Greensfelder, supposed the gas to be furnace gas, and then omitted to take such precautionary measures as would require to be used against danger from the presence of illuminating gas, that would not be such negligence or want of due care on the tenant's part as would prevent the plaintiff from recovering in this case for injuries to his reversion.'

" Reading that in the same way. If the tenant, Greensfelder, reasonably supposed the gas to be furnace gas, &c., I give you that instruction at their request. It is merely a repetition, I think, of the previous one."

At the close of the charge, the counsel for the defendant called the attention of the court to, and objected to the instructions of the court upon, the second, third and sixth requests of the plaintiff; as to the second and third requests, on the ground that the qualifications were not properly stated in regard to liability; and as to the sixth request, that it assumed that, even if Greensfelder reasonably supposed the gas escaping was furnace gas, it nevertheless was not negligence on his part to have failed to open the windows, or to have failed to take any precautions in respect to notifying anybody before lighting the gas, or take into account what he previously may not have known; whereas the defendant contended that he did know what was going on in the street; and that it seemed to take from the jury one of the important questions to be passed upon by them.

The judge replied that he had taken time to consider the matter and should leave it so. The counsel for the plaintiff then stated to the court that he was content that the prayer should _e qualified, " if he supposed it was furnace gas, and was in the

exercise of reasonable care;" but the judge made no further charge to the jury.

The jury returned a verdict for the plaintiff; and the defend-ant alleged exceptions.

*R. M. Morse, Jr. & C. P. Greenough*, for the defendant

*H. C. Hutchins*, for the plaintiff.

COLT, J. The injury to the plaintiff's house was caused by an explosion of gas ignited therein by his tenant, Greensfelder. It was contended that the defendant was guilty of negligence in per-mitting a leak to occur in its main pipe in the street in front of the house, or in not taking proper steps to remedy the difficulty.

The defendant offered the record of a judgment in its favor in an action brought by Greensfelder to recover for injuries to his person and property by the same explosion, and contended that it was a bar to this action. The court ruled otherwise and excluded the evidence. This ruling was right. The plaintiff's right to recover for the destruction of his building is entirely in-dependent of the tenant's claim for the personal injury. The landlord does not claim by, through or under his tenant. The former judgment therefore was not between the same parties or their privies, nor was the cause of action the same; no right or title to the demised premises was involved.

In a previous stage of this case, it was indeed decided that this action could not be maintained, if the injury was caused in part by the negligence of the tenant in possession. 117 Mass. 533. That conclusion follows from the application of a famil-iar rule, in actions of this description, which requires the plain-tiff to be free from fault; and of another rule, which imputes to him the negligence of the person to whom he has intrusted the charge and control of the property injured. In this sense only is the tenant, under the last rule, regarded as owner, or identified with the owner of the property. It fails to establish that privity which makes the judgment offered conclusive in this case. The conduct of the tenant affects the plaintiff's right to recover for the injury, in the same way as it affects the right of the tenant to recover for his own injury. But no identity of interest is established in the subject matter of either action; no mutual or successive relationship to the same rights of property involved is shown; the plaintiff was in no sense surety for the

conduct of his tenant ; neither party represents the other in either action.   It is not enough that both actions were brought to recover damages for injuries from the same cause, and were supported by the same evidence.   This was stated by Shaw, C. J., as a test in *Norton* v. *Doherty*, 3 Gray, 372, and is relied on by the defendant ; but the judgment there offered was between the very same parties, and no question of privity was raised, and the same is true of *Bigelow* v. *Winsor*, 1 Gray, 299, 302, also cited by the defendant.

The judgment here offered is not a bar to this action ; is not conclusive evidence, between these parties, of the facts in issue ; and was not offered, if it be competent for that purpose, as *primâ facie* evidence, or as evidence of the fact that such a judgment was rendered.   *Eastman* v. *Cooper*, 15 Pick. 276.   *Burlen* v. *Shannon*, 14 Gray, 433.   *Dutton* v. *Woodman*, 9 Cush. 255. *Lowell* v. *Parker*, 10 Met. 309.   *Merriam* v. *Whittemore*, 5 Gray, 316. ·

The second and third of the instructions requested by the plaintiff, and given at the close of the charge, with accompanying explanations, taken in connection with the other instructions, were not erroneous.   The jury, in the main part of the charge, had been told that the burden of proof was on the plaintiff to show affirmatively " that the injury was occasioned by the negligence of the servants of the defendant company ; and that in no material degree did the negligence of the tenant of the plaintiff contribute to that injury ; "   " the question is, Was either of these parties negligent or not ?   If either, which ? " " The plaintiff must satisfy you upon the whole evidence, by a fair preponderance of the evidence, that he was in the exercise of due care, of such care as a prudent man might reasonably ːe expected to exercise under the circumstances ; and that the explosion was caused by the negligence of the defendant."   The company is liable in damages " if the plaintiff's tenant was in the exercise of due care."   If the tenant, " having discovered the presence of gas in unusual quantity in the house, or in a room of the house, did not take reasonable means and precautions to remove and exclude the gas, or, not knowing what such precautions were, did not notify the servants of the defendant that gas was escaping, or make some reasonable effort

to notify them ; and if he recklessly brought the flame of the candle into contact with gas and air of the room, his want of care will prevent recovery." After having said all this, the judge read the second instruction to the jury, as he said, for the purpose of making the matter a little more clear, and pronounced it substantially correct, adding that if Greensfelder, merely accidentally, without recklessness or carelessness, by his candle ignited the gas, that is not such negligence on his part as will prevent a recovery.

The third instruction, standing alone, would seem to require the jury to find, in order to defeat the action, a degree of want of care amounting to reckless or wilful misconduct. The judge read this request, and, referring to what he had already said, added, that if the tenant did the act recklessly, it would show such negligence as would prevent recovery ; but if accidentally merely, and not negligently, it would not, and expressed his willingness to give the instruction substantially.

But upon the question whether the jury has been misled by one or more specific instructions, all the instructions and explanations must be taken together, to see whether as a whole they conveyed a correct idea to the jury. The jury could not have understood in this case that it was intended, in reply to these requests, to change the rule which had just been repeatedly given, requiring the exercise of ordinary care from the plaintiff and his tenant, that is, such care as a prudent man might reasonably be expected to exercise under the circumstances.

The plaintiff's sixth request for instructions had reference to the duty imposed upon the tenant in using a light while trying to discover the escape of illuminating gas. The tenant had testified that he supposed the gas to come from the furnace, and therefore not liable to explode, and that he went into the cellar to examine the furnace. The whole question presented was as to the single act of going into the cellar with a light. Whether that act was negligent depended on whether the tenant, acting reasonably, supposed it was a kind of gas which would not ignite and explode from the flame of a candle. And so the jury were told, and no more. The judge took nothing from the jury improperly. The whole question of the tenant's negligence in going into the cellar, in failing to open windows, to give notice,

or take any suggested precaution, was left to them, upon all the instructions, in such a way that we cannot say that they were misled in any respect.                     *Exceptions overruled.*