[No. 5690.]

# F. O. WILKINSON v. EDWARD MERRILL.

UNDER THE ACT of Congress of July 23rd, 1866, validating selections of public land made by the State of California in satisfaction of grants made by Congress to said State, it became a question for the Land Department to decide whether the selections were made as required by the act, and whether the State had sold the same in good faith, and whether the purchaser had properly proved his claim; and if the Land Department, in the case of a purchaser from the State, decides in favor of the regularity and validity of these proceedings, and lists the land over to the State before another person applies to purchase the land from the State, the decision is conclusive as against the United States and such other person; and although the first application was defective, it cannot be attacked.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

On the 22nd day of June, 1857, the defendant located a school-land warrant on the east half of the northwest one-fourth of section No. 21, township two south, range thirteen west, of San Bernardino meridian, along with other lands. The land had not then been surveyed by the United States. The said Merrill, on the 30th of April, 1868, applied to the Surveyor-General to relocate the warrant on the same land. The location was made by the State Locating Agent on the 11th of August, 1868. These locations were not made by Edward Merrill personally, but by said Edward Merrill by J. C. Merrill, his attorney in fact. On the 22nd day of April, 1868, the plat of the United States survey was filed in the local land-office; but on the 27th of May, 1868, the township plat was for some reason suspended by the Land Department, and remained suspended until the 21st of November, 1871, when it was restored; but it was again suspended until June, 1872, and was again finally restored in December, 1873. Said Edward Merrill was not a resident of this State after the year 1858. Up to the 1st day of December, 1873, the land was claimed to be within the exterior limits of the confirmed Mexican grant called "Sausal Redondo"; but upon a final survey, approved on the day last aforesaid, it was excluded. On the 15th of February, 1876, the plaintiff made application to the Surveyor-General of this State to pur-

chase the land as a part of the grant of five hundred thousand acres made to this State, and a contest having arisen, the Surveyor-General certified it to said Court for trial, and thereupon the plaintiff commenced this action to have the Court determine which had the better right of purchase. The Land Department of the United States had passed on the regularity of the defendant's application, and certified the land over to the State before the plaintiff applied to purchase. The Court below held that the plaintiff had the better right of purchase, because the defendant made his application by an attorney in fact, and was not a resident of the State; and because the plat of survey was not on file when he made the location of his land-warrant; and because the land was then within the exterior limits of a confirmed Mexican grant. The defendant appealed from the judgment, and from an order denying a new trial.

*Henry Hancock*, for the Appellant.

Neither the State Surveyor-General nor the District Court had any jurisdiction over the contest initiated by respondent for the decision of the Commissioner of the General Land Office, affirmed by the Secretary of the Interior, awarding the land to appellant was final. (*Foscalina* v. *Doyle*, 47 Cal. 437; *Hess* v. *Bolinger*, 48 Cal. 349.)

*Hartman & Haley*, for the Respondent.

The selections made by defendant were void, because the land, at the time of selection, was unsurveyed by the United States. The selections were not cured by the Act of Congress of July 23rd, 1866. (*Chant* v. *Reynolds*, 49 Cal. 213; *Huff* v. *Doyle*, 50 Cal. 16.)

The decision in the latter case (3 Otto, 558) does not change this rule. The decision only goes to this extent, that when a settlement was made upon land claimed by a Mexican grant, and which land was excluded by final survey, settler has same time to prove up his claim as is allowed to a pre-emptioner. This principle has no application to defendant, who never was upon the land.

By the COURT:

Under the Act of Congress of July 23rd, 1866, it was a question for the Land Department, first, whether the State had selected the land in controversy in part satisfaction of any grant made to the State by any Act of Congress; second, whether the State had disposed of the land to a purchaser in good faith under her laws; third, whether the land was within any of the exceptions by which lands are reserved from the validating effect of the act; fourth, whether the defendant had proved up his claim before the Register and Receiver in the manner and within the time required by the validating act. These were questions in which no one but the United States and the defendant were interested; and the Act of Congress confers upon the Land Department the jurisdiction to determine them. On deciding these questions in favor of the applicant claiming as a purchaser from the State, it is made the duty of the Commissioner of the General Land Office to certify the lands over to the State for the benefit of the purchaser. The case shows that the selection by the State for the use of the defendant was approved by the Commissioner of the General Land Office and by the Secretary of the Interior, after proper investigation, and thereupon the land was duly listed to the State. Up to this point the rights of no third person had intervened, and the Land Department, to whom the decision of all the questions of law and fact pertaining to the proceeding were specially confided, having decided in favor of their regularity and validity, the decision was conclusive as against the United States, and is conclusive against the plaintiff, who subsequently attempted to acquire the title from the State. ·

Judgment and order reversed, and cause remanded for a new trial.