[No. 6,442.—In Bank.]

## WARREN H. MACE v. EDWARD MERRILL.

STATE LANDS—JURISDICTION OF LAND OFFICERS—ESTOPPEL.—In a contest before the land department of the United States, involving the land in controversy—the plaintiff claiming as a pre-emptor, and the defendant claiming the right to purchase under the Act of Congress of July 23rd, 1866, "to quiet land titles in California," by virtue of the location of a school-land warrant on the land prior to survey—the decision was adverse to the plaintiff, and the land was listed to the State. Pending the decision of the contest before the Secretary of the Interior, and before the listing, the plaintiff made application to purchase the land from the State, and the contest arising was referred by the Surveyor-General to the District Court. In an action to determine the same, *held* (affirming *Wilkinson* v. *Merrill*, 52 Cal. 424), that the decision of the land department of the United States, to which "all the questions of law and fact pertaining to the proceeding were especially confided," is conclusive against the United States and against the plaintiff, in subsequently attempting to acquire the title from the State.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Seventeenth District Court, Los Angeles County. SEPULVEDA, J.

*Brunson & Wells*, and *S. Haley*, Attorneys, and *W. Mace*, *in per*, for Appellant.

After a party is deprived of his right of pre-emption, otherwise perfect, by a mistaken construction of the Act of Congress by the land department, equity will relieve. (*Sampson* v. *Smiley*, 13 Wall. 91; *Johnson* v. *Tousley*, id. 86.)

*Henry Hancock*, for Respondent.

The land, having been listed to the State in satisfaction of Merrill's school-land-warrant location, under the provisions of the Act of July 23rd, 1866, is now held by the State in trust for Merrill. (14 U. S. Stats. at Large, 218.)

SHARPSTEIN, J.:

On the 22nd day of June, 1857, J. C. Merrill, attorney in fact of Edward Merrill, located a school-land warrant on the south-east quarter of section 21, township 2 south, range 13 west, S. B. M., which was then unsurveyed land of the United States. On the 30th of April, 1858, Merrill applied to the Surveyor-General to relocate the warrant upon the same land, and on the 11th of August, 1868, the location was made by the State locating agent. On the 27th of July, 1872, Merrill filed in the United States land office an application to purchase said land under the provisions of §§ 1 and 3 of an Act of Congress "quieting land titles in California," approved July 23rd, 1866. Merrill's right to purchase was contested by Mace, the appellant herein, and denied by the local land officers. An appeal was taken to the commissioner of the general land office, and from thence to the Secretary of the Interior. Both the commissioner and Secretary were of the opinion that the location by Merrill was valid; and in pursuance thereof, the land was duly certified over to the State, in satisfaction of said selection and location.

In *Wilkinson* v. *Merrill*, 52 Cal. 424, it was held, that the decision of the land department of the United States, to which "all the questions of law and fact pertaining to the proceeding were especially confided," was conclusive as against the United States, and against the plaintiff in that action, who subsequently attempted to acquire the title from the State.

As before stated, the appellant herein was a party to the contest before the land department, to which the Court refers in the

case above cited, and the decision of the department, if conclusive as against Wilkinson, is equally so as against appellant. The latter claims to have alleged and proved some facts which were not alleged and proved in *Wilkinson* v. *Merrill, supra;* but we are unable to discover that he has presented anything which takes his case out of the doctrine of that case. If the principle upon which that decision is based be sound, and we think that it is, it seems to us to be decisive of this case. And the grounds of that decision are so plainly and succinctly stated, as to render a restatement of them wholly unnecessary.

Judgment and order affirmed.

McKINSTRY, J., McKEE, J., and THORNTON, J., concurred.

MYRICK, J., dissenting:

A controversy arose in the office of the Surveyor-General of this State, between the parties to this action, as to which had the better right to purchase the land in question. That controversy was referred to the Court below for determination. The Court gave judgment for defendant, and plaintiff appealed from the judgment, and from the order denying his motion for a new trial.

From the view I take of this case, it is not necessary to consider whether the lands were, prior to the 1st day of September, 1874, the day of the alleged last act in the process of the survey of the Tajanta Rancho, a part of the public lands of the United States; whether they were, prior to that day, subject to location by virtue of the grant to the State of school lands; or whether the plaintiff had any vested rights by reason of his attempted pre-emption: it is necessary to consider two points only, viz. :

1. The plaintiff, to sustain the issues relating to his claim of right, proved that on the 17th day of November, 1874, he was in the actual occupation of the lands, having been so in the occupation of them some five years, and that on that day he made application to the Surveyor-General of the State to purchase the same, as a part of the school lands of the State. The Court found, however, that plaintiff had no right to the lands.

2. The Court found that before plaintiff's application, the land

was located and selected on behalf of the State, by virtue of school-land warrant No. 227, by Edward Merrill, the defendant, under the Act of May 3rd, 1852; that, May 12th, 1868, the selection was accepted by the register of the United States land office; "that the defendant offered proof of his claim by himself and through his agents of his alleged purchase, within the time and according to the requirements of the Act of July 23rd, 1866"; and "that the State of California holds the said lands in trust for the defendant, and that he is entitled to a patent from the State."

The evidence to support the finding of defendant's right is, the certificate of the State locating agent, wherein he certifies that "I have located, as a portion of the grant of five hundred thousand acres, four hundred and eighty acres of public land in the county of Los Angeles, at the request and for the use of J. C. Merrill, attorney," etc.; and other evidence to show the recognition by the officers of the Federal land office of the location referred to.

In connection with this, the plaintiff offered in evidence certified copies of the application and affidavits upon which the certificate of the State locating agent was based. The application and affidavits contained the following: "I, J. C. Merrill of San Francisco County, State of California, do hereby apply, under the provisions of the Act for the location and sale of school lands donated to the State, approved April 23rd, 1858, to purchase and locate," etc., "which I agree to accept in lieu of the full amount," etc. The application is signed, "J. C. Merrill, as attorney in fact for Edward Merrill." The affidavit for location is, "I, J. C. Merrill of San Francisco County, State of California, being duly sworn, depose and say, that I am the applicant for the purchase and location," etc., and "there is no valid claim existing upon the land so described adverse to the claim I hold and apply to be located." Signed, "J. C. Merrill, as attorney in fact for Edward Merrill." The oath required by the Act of the Legislature, approved April 27th, 1863, reads, "I do solemnly swear, that I will support," etc., etc., signed, "J. C. Merrill."

This evidence was offered for the purpose of showing that Edward Merrill never made an application to purchase the land; that the only application, as against plaintiff, was an application

of J. C. Merrill; therefrom, claiming that J. C. Merrill, not being a party to this controversy, and not having transferred his rights, if he ever acquired any, to Edward Merrill, the certificate of location by the locating agent gave Edward Merrill no right to purchase the land. Notwithstanding this evidence, the Court found in favor of defendant. This was error. If, as a fact, the certificate and subsequent proceedings were based upon the foregoing-mentioned application and affidavits, they gave no right to Edward Merrill to purchase the land. The application and affidavits were those of J. C. Merrill, and bore no relation to the defendant Edward Merrill. The fact that J. C. Merrill signed himself as " attorney in fact for Edward Merrill," makes no difference; those words are merely words of description; the application and affidavits were his own, and not for or on behalf of Edward Merrill. Besides, the certificates of the State locating agent state, that the location was " for the use of J. C. Merrill, attorney." I find nothing in the statute authorizing a location to be for the use of any person as attorney for another. This case is not within the intent of the Act of March 24th, 1870. (Stats. 1869–70, p. 352.)

I do not consider the question, whether the officers of the Federal Government were imposed upon or exceeded their powers in listing the land over to the State, on the application of Merrill; for the purpose of this opinion, it may be assumed that the title properly passed to and is now lodged in the State; and yet, under the application and affidavits above referred to, the defendant has no right to purchase the land. I do not, however, admit that the title passed to the State.

The judgment and order should be reversed, and cause remanded for a new trial.