80  373
115  458

# Patton *et als. v.* Pitts *et als.*

*Statutory Real Action in Nature of Ejectment.*

1. *Evidence on former trial; when admissible on subsequent trial, witness having died.*—The conditions on which the evidence of a deceased witness on a former trial may be reproduced on the trial of a subsequent suit, are that the matters in issue, and the parties are essentially the same in both actions. Parties, as thus used, comprehend privies in blood, in law or in estate.

2. *Same; nature of privity essential to admissibility.*—When, the other conditions existing, the admissibility of such evidence depends on the question, whether the parties to the two trials are privies in estate, there must be such privity as could make the judgment in the former, evidence in the subsequent action.

3. *When judgment against tenant evidence against landlord.*—A judgment against a tenant is not evidence against the landlord in a subsequent action for the recovery of possession, unless he had notice, or was admitted to defend, or did actually defend.

4. *Privy in estate; what constitutes.*—To constitute one person a privy in estate to another, such other must be a predecessor in respect to the property in question, from whom the privy derives his title; a mutual or successive relationship of rights.

5. *As to title, the grantees of landlord and tenant of landlord are strangers.*—The grantees of a landlord derive no title through him .from a former tenant; for the purposes of title, they are entire strangers—evidence for or against the one, is therefore, inadmissible for or against the other.

Appeal from the Circuit Court of Tallapoosa.
Tried before the Hon. James E. Cobb.

[Patton et als. v. Pitts et als.]

This action was brought by appellees to recover of the appellants, who were defendants in the court below, the land described in the complaint and damages for the detention thereof. Some of the defendants disclaimed, and others plead not guilty. Upon the trial the jury found for the plaintiffs the land sued for, and gave damages for its detention. A writ of possession was ordered to issue.

The plaintiffs derived their title through a deed executed by the sheriff of Tallapoosa county, on a sale of the lands claimed, under an order of sale from the Circuit Court to sell said lands as the property of Edward S. Yarbrough; at which sale the plaintiffs were purchasers. To show title in Edward S. Yarbrough, at the time of the sheriff's sale, plaintiffs offered in evidence a deed executed by B. T. Yarbrough to Edwin Yarbrough on the 25th of August, 1874. The deed was duly signed and acknowledged on the 13th of March, 1875, and filed for record on the 15th of March, 1875.

The defendants claim under a deed executed by the sheriff, on a sale made by him, on the 12th of March, 1875, under an order of court to sell the lands in controversy, as the property of B. T. Yarbrough. At this latter sale, one F. A. Vaughan, was the purchaser, receiving the sheriff's deed on the same day. Defendants were purchasers from Vaughan. The bill of exceptions recites, that after said deed from B. T. Yarbrough to Edwin S. Yarbrough was admitted 'in evidence, the defendants offered to prove that said deed was not delivered to Edwin S., or any one for him, till the same was filed for record, as above stated, and after the sale of the land as the property of B. T. Yarbrough. To prove the non-delivery of said deed, defendants offered to show by a witness, that on the trial of a suit in ejectment, previously had in the Circuit Court of Tallapoosa county, wherein Edwin S. Yarbrough was plaintiff, and Phillip Avery, who was the tenant of the said F. A. Vaughan, was defendant, to recover these same lands, the said B. T. Yarbrough testified as a witness in said cause, that after signing the deed (offered in evidence by plaintiffs) in August, 1874, he kept the same at his house, and delivered it to no one; that he had the justice of the peace, B. F. Hammock, come to his house on the 13th of March, 1875, and that he then and there acknowledged it before said Hammock, and filed the same himself for record with the judge of probate on the 15th of March, 1875. It was shown that said judge of probate, Hammock, and B. T. Yarbrough were dead.

To the introduction of this evidence as to what B. T. Yarbrough testified to on said former trial, plaintiffs objected and the court sustained the objection. To this action of the court, defendants excepted, and assign the same as error.

[Patton et als. v. Pitts et als.]

OLIVER & GARRETT, for appellants.

J. M. CHILTON, and J. A. TERRELL, *contra.*

CLOPTON, J.—The sole question, raised by the assignment of errors, relates to the ruling of the court on the admissibility of evidence. The suit is a statutory action to recover the possession of lands. The plaintiffs derive title by purchase at a sale of the lands by the sheriff under an execution at law, as the property of Edwin S. Yarbrough. The defendants claim by conveyances from Vaughan, who purchased them at a sale by the sheriff under an order of court, as the property of B. T. Yarbrough. The main contention between the parties was, whether a deed made by B. T. Yarbrough to Edwin S. Yarbrough, bearing date August 25, 1874, was in fact delivered prior to Vaughan's purchase, which occurred March 12, 1875. On the trial of a former action brought by Edwin S. Yarbrough against a tenant of Vaughan to recover the lands, B. T. Yarbrough testified to facts tending to show the deed was not delivered until March 15, 1875. The witness having died, the defendants offered to prove what he testified in respect to the delivery of the deed on the former trial. The evidence was excluded by the court.

The conditions, on which the evidence of a deceased witness on a former trial may be reproduced on the trial of a subsequent suit, are that the matters in issue, and the parties are essentially the same in both actions—parties as thus used comprehending privies in blood, in law, or in estate. *Cleavland v. Huey,* 18 Ala. 343 ; *Goodlett v. Kelly,* 74 Ala. 213. A mere technical or nominal variation of parties will not exclude the evidence ; but the adversary parties on both trials must be substantially the same. It is not sufficient, that the party, against whom the evidence is offered, was also a party to the former action. The evidence, being hearsay, is *prima facie* inadmissible, and it is incumbent on the party offering it to establish the existence of the conditions, on which its competency depends.

Passing other considerations, if it be conceded, that the plaintiffs are privies in estate with Edwin Yarbrough in the sense of the rule, which we do not decide, the question as thus presented is, whether the evidence of a deceased witness on the trial of an action of ejectment against a tenant may be reproduced on a subsequent trial between privies in estate to the plaintiff in the first suit, and the vendees of the landlord of the tenant ? When, the other conditions existing, the admissibility of such evidence depends on the question, whether the parties to the two trials are privies in estate, there must be

such privity as could make the judgment in the former, evidence in the subsequent action. *Bryant v. Urven,* 2 Stew. & Por. 135; 1 Whar. on Ev. § 177. The record does not disclose, that the landlord had any notice of the suit, or that he appeared and assumed, or joined in the defense. A judgment against the tenant is not evidence against the landlord in a subsequent action for the recovery of possession, unless he had notice, or was admitted to defend, or in fact made defence. In such case, the judgment is *res inter alias actae. Smith v. Gayle,* 58 Ala. 600; *Chant v. Reynolds,* 49 Cal. 213; *Barlett v. B. G. L. & Co.,* 122 Mass. 209.

To constitute one person a privy in estate to another, such other must be a predecessor in respect to the property in question, from whom the privy derives his right or title—a mutual or successive relationship. 1 Green. on Ev. § 189; *Hunt v. Haven,* 52 N. H. 162. As the lessor derives no right or title from the lessee, and does not claim under him, the vendees of a landlord derive none through him from a former tenant. For the purposes of title, they are entire strangers. Judged by this rule, the defendants are not privies in estate to the defendant in the former action. Not being privies in estate, the evidence would not be admissible against the defendants, and is not admissible in their favor. *Morgan v. Nicholls,* L. R. Q. C. P. 117; *Foster v. Derby,* 1 A. & E. 783. The record does not affirmatively show the existence of the conditions, on which the admissibility of the evidence depends.

Affirmed.