## LOCHNER VS GARBORINA ET AL.

Opinion delivered October 4, 1901.

*1.  Judgment Against Tenant—Landlord not Bound Thereby.—Estoppel.*

A suit for possession of certain premises was brought by appellee against certain parties, one of whom was a tenant of appellant, and judgment rendered for the plaintiff therein. The appellant was a witness in such suit and testified that he had no interest in the land in controversy. Later, a suit for trespass was brought against appellant for occupation of certain land included in the execution under the former suit. In this suit he testified that his testimony in the former suit referred to a tract different from that now occupied by him, and that the occupation of this last tract by such tenant began after the decision in the former suit, before which time such

tenant was a tenant of the owner of the other tract. *Held*, that he was not, by his mere knowledge of the other action derived by his presence as a witness, estopped from showing his title to the tract he afterward claimed and occupied.

Appeal from the United States court for the Northern District.

WILLIAM M. SPRINGER, Judge.

Trespass by Grant Lochner against Martha Garborina and others. Judgment in favor of defendants. Plaintiff appeals. Reversed.

This is an action of trespass, in which the appellant (plaintiff below) alleges that he is a citizen of the Cherokee Nation; that defendants did on or about March 2, 1898, forcibly and wrongfully break open his fence and enter his close, of about 150 acres, together with barns, houses, granaries, etc., and forcibly took possession of the same and converted his crops to their own use, and with force loaded up his household goods and farming implements and moved them off his said close, and still forcibly hold possession of the said close, to his damage in the sum of $500, for which he prays judgment. The appellees' answer is: First. A general denial. Second. They allege that they recovered the premises set out in plaintiff's complaint in an action of ejectment of Martha Garborina against Bill Lochner and others, on which execution was issued; that the appellee S. M. Rutherford, the United States marshal, put said Martha Garborina in possession of the premises sued for, and in so doing removed such of the defendants as were found in possession of said place,—among them, the appellant; and that for this dispossessing and ousting they complain, and none other. For a third defense they allege that said Martha Garborina made said place upon the public domain of the Cherokee Nation; that at the time of said final judgment a

restraining order was issued against the defendants in said action, restraining them from interfering with or disturbing the possession of the said Martha Garborina, and that after being dispossessed said appellant entered upon said premises, and was cited for contempt of court; and that he was, together with all those claiming through or under him, restrained from further interferring with the possession of said Martha Garborina, upon her giving bond in the sum of $200. The appellant, for a reply to the new matter set out in the second ground of defense, admits the recovery of a verdict and judgment by said Martha Garborina for the premises set out in her action, but he alleges that the premises he sues for are not the premises sued for and recovered by her in that case, nor any part thereof. He denies that he ever had any interest in the premises of William Lochner, —the premises sued for by appellee,—or that he was ever a party to said action; that she never at any time claimed the premises appellant now sues for, but alleges that she sued for Bill Lochner's place, about 200 acres, and recovered judgment for 300 acres; that the United States marshal, in executing the writ of possession on said judgment, did, at her instance, enlarge upon her claim, and took in about 300 acres more land to which she never laid any claim, and that in this last enlargement of about 300 acres the appellant's claim of 150 acres, for which he now sues, was included; that he was the owner of the premises and in possession before she began her action against William Lochner and others; that he was a witness in said trial, but that his testimony was confined to William Lochner's place, and was confined to the premises described in that case. On February 17th the case was called for trial with a jury, and at the close of the testimony counsel for the defendant moved the court to instruct the jury to return a verdict for the defendant, which motion was allowed, and to which ruling of the court the plaintiff then and there duly excepted. On February 20th plaintiff filed motion for new

trial, which was overruled, exceptions taken, and an appeal prayed to this court and granted. The appellant's proof shows that he bought the premises upon which the defendant is alleged to have committed the act of trespass from a man by the name of Madison, who settled the place for one Blue Jacket, and by his authority, and acting as agent, made the sale to the plaintiff (appellant here); that the plaintiff moved upon it and made valuable improvements, and was living upon it at the time of the commencement of the suit of the defendant against William Lochner; that after the said suit was decided he was ejected from the place by the United States marshal, the defendant Rutherford, whose authority for so doing was a writ of possession issued upon the judgment in the said case of Martha Garborina against Bill Lochner; that the appellant, Grant Lochner, was not a party to that suit. It appears that, at the time the judgment was rendered in the Bill Lochner case, by agreement of the parties to that suit an injunction was decreed by the court against the defendants in that suit, restraining them from "disturbing the improvements on said premises, or in any way interfering with the same, until the further order of court;" that after Grant Lochner, appellant here, had been ejected from the place, he re-entered, and was arrested for contempt of court for having violated the injunction; that, in response to the proceedings against him, he filed an affidavit in which, among other things, he stated that he was the owner of the place on which one Miller, a defendant in the Bill Lochner suit, lived at the time of the bringing of that suit, but that he was not a party to it. It further appears from the record that at the trial of the suit against Bill Lochner the appellant went upon the witness stand, and stated under oath that he knew the land in controversy in that suit, and that he had no interest in it. Upon the trial of this cause the appellant, Grant Lochner, in explaining the foregoing, introduced proof showing that Miller at the time of the institution of the Bill Lochner suit lived upon the land

and was a tenant of the said Bill Lochner, and, shortly after the suit was brought, moved off the land into a house upon the premises of appellant, and that at the trial of that case he (appellant) was not aware that his lands were included in the suit. In addition to the foregoing, the appellee introduced at the trial of this case the record of the Bill Lochner case, and rested.

Smith & McCulloch, for appellant.

George B. Denison, for appellees.

CLAYTON, J.    The position taken by appellee in this case, both in the court below and here, is that, notwithstanding the fact that the appellant in the court below was not a party to the suit brought by appellee against Bill Lochner et al., yet, because of the fact that Miller, who was a party to that suit, was shown by appellant's affidavit in the injunction case to have been his lessee of the land embraced in both suits, and the further fact that appellant was a witness in the Bill Lochner case, such privity of estate between them, and conduct of appellant in relation to the suit, is shown as will render the judgment in that suit binding upon him, and estop him from setting up his title against it. While it is true that in some of the states it is held that where ejectment is brought against the tenant in possession, and he gives due and legal notice to his landlord, and the latter has an opportunity to come in and defend, the landlord is bound by the judgment against the tenant, yet we think these decisions are against the better reasoning and the weight of authority.    Freeman, in his work on Judgments (volume 1, § 169,) says: "A landlord is not, in general, affected by any litigation against or in favor of his tenant in respect to the demised premises; but if the issue is such as involves the lessor's title, and he assumes the defense or the prosecution of the suit, the judgment operates upon his

title as though he were named as a party to the action."
See, also, Id. § 185.    Boles vs Smith, 5 Sneed, 105; Stout vs
Taul, 71 Tex. 439, 9 S. W. 329; Orthwein vs Thomas (Ill.
Sup.) 13 N. E. 564; Smith vs Gayle, 58 Ala. 600; Brush vs
Cook, Brayt. 89; Bennett vs Leach, 25 Hun. 178; Kent vs
Lasley, 48 Wis. 257, 4 N. W. 23; Samuel vs Dinkins, 12 Rich.
Law, 172, 75 Am. Dec. 729; Valentine vs Mahoney, 37 Cal.
389; Chant vs Reynolds, 49 Cal. 213; Bartlett vs Gaslight
Co., 122 Mass. 209; Chambers vs Lapsley, 7 Pa. 24.    The
case of Chirac vs Reinicker (decided by the supreme court
of the United States) 2 Pet. 617, 7 L. Ed. 538, is a case in
point.    Reinecker was the landlord.    Judgment in eject-
ment had been rendered against his tenant, and this judg-
ment was offered in evidence to show title of the plaintiff in
that suit.  The supreme court of the United States, speaking
through Justice Story, say: "Upon consideration of the
question presented by the third exception above mentioned,
we retain the opinion that the record in the ejectment suit
was not conclusive evidence upon persons not parties to the
record; but we are also of the opinion that it was prima facie
evidence of the plaintiff's title and possession against
Reinicker, under the circumstances adduced in evidence. He
had full notice of the suit, and had the fullest means to
defend it.    The parties upon the record were his agents and
tenants, and he, in effect, though not in form, took upon
himself the defense of the suit."    Even in so strong a case
the supreme court of the United States hold that the record
is only prima facie evidence of title and possession.    In this
case the only evidence that appellant had notice that his
land was embraced in the suit, and took upon himself the
defense of the case, is that he appeared as a witness at the
trial, and testified that he had no interest in the land in
controversy.    In this case he testifies that that statement
was true, that the land was not embraced in the complaint,
and that Miller was not his tenant at all before the suit was
brought, but afterwards moved over onto one of his places,

where he lived for a short time; and yet the court below held that the record against him was conclusive; that he was absolutely estopped to deny the record and to show his title. Freeman, in his work on Judgments (volume 1, § 185), says: ''If the landlord actually takes upon himself the defense of the suit brought against his tenant, and conducts the litigation to the end, he would seem, on principle, to be bound by the final result. We have not, however, discovered any decision necessarily affirming that even under such circumstances the landlord is bound by the judgment against his tenant; and perhaps it is fairly inferable from the decisions upon the subject that it is only when the landlord is formally made a party defendant that he becomes a party, as between himself and the plaintiff, so as to be estopped by a judgment in favor of the latter.'' See, also, authorities cited in foot note 4. The evidence in this case, instead of showing that the appellant defended the case of his brother, Bill, shows that he did nothing but testify, and, in all probability, was not even aware that the land now claimed by him was in litigation in the suit. Under the circumstances, it was certainly error in the court to instruct the jury to find their verdict for the defendant upon the ground that the plaintiff was estopped by the record of the other suit to show his title. Let the case be reversed and remanded.

TOWNSEND, C. J., and GILL and RAYMOND, JJ., concur.